IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 OCT 31 A 9: 32
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

SHANNON FOSTER; CLIFFTON LOVEJOY; )
TIFFANI SAUNDERS; RONALD SPENCER; )
and MELISSA TURNER )
)
Plaintiffs, )
) CIVIL ACTION NO.:
vs. )
) 2:06 cv 980 -ID
ANGELS OUTREACH, LLC.; and )
TIFFANY COLEMAN SMITH )
)
Defendants. )

## COMPLAINT

COMES NOW Plaintiffs Shannon Foster, Cliffton Lovejoy, Tiffani Saunders; Ronald Spencer and Melissa Turner (hereinafter "Plaintiffs"), by and through the undersigned, and hereby files the instant action against Defendants Angels Outreach, LLC. and Tiffany Coleman Smith pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for their cause of action states the following:

1. Plaintiff Shannon Foster is over the age of nineteen (19) and is a resident citizen of Montgomery County, Alabama.

2. Plaintiff Cliffton Lovejoy is over the age of nineteen (19) and is a resident citizen of Montgomery County, Alabama.

3. Plaintiff Tiffani Saunders is over the age of nineteen (19) and is a resident citizen of Montgomery County, Alabama.

4. Plaintiff Melissa Turner is over the age of nineteen (19) and is a resident citizen

of Montgomery County, Alabama.

5. Defendant Angels Outreach, LLC. is a limited liability corporation formed pursuant to the laws of the State of Alabama and conducts business in the State of Alabama.

6. Defendant Tiffany Coleman Smith is over the age of nineteen (19) and is a resident citizen of Montgomery County, Alabama.

7. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b).

8. Venue is proper in the Middle District of Alabama under 29 U.S.C. §1391(b).

9. This action is brought to recover unpaid wages owed to Plaintiffs pursuant to §206(b) of the FLSA.

10. Plaintiffs performed covered work for Defendants in the months of July and August of this year yet Defendants failed to pay Plaintiffs their earned wages. Plaintiffs seek their unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and plus costs pursuant to 29 U.S.C. §216(b).

11. At all times material to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

12. At all times material to this action, Defendants were the "employers" of Plaintiffs as defined by §203(d) of the FLSA.

13. At all times material to this action, Plaintiffs was an "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

14. At all times relevant to this action, Defendants employed Plaintiffs.

15. The services performed by Plaintiffs were a necessary and integral part of and

directly essential to Defendants' business.

16. Plaintiffs performed their duties without compensation.

17. Defendants have intentionally failed and/or refused to pay Plaintiffs in accordance with the provisions of the FLSA.

18. Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employees with minimum wages. Despite this knowledge, Defendants have failed to pay Plaintiffs the mandatory lawful compensation in compliance with the FLSA.

19. Defendants have engaged in a widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiffs in accordance with §206 of the FLSA.

20. As a result of Defendants' conduct, Plaintiffs have suffered damages in the form of unpaid earned wages.

21. In addition to the amount of unpaid wages, Plaintiffs are entitled to recover an additional amount of liquidated damages and/or prejudgment interest pursuant to 29 U.S.C. §216(b).

22. Defendants' failure to properly compensate Plaintiffs was willful.

23. Defendants have not made a good faith effort to properly pay Plaintiffs.

24. Defendants' actions amount to a breach of contract and/or unjust enrichment.

25. Plaintiffs are entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, pursuant to §216(b) of the FLSA, Plaintiffs pray for the following relief:

1. An award of damages in the amount of their unpaid compensation plus an equal amount of liquidated damages and/or prejudgment interest;

2. An award of reasonable attorney's fees, including the costs and expenses of this action; and

3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

								/s/ William R. Davis
								WILLIAM R. DAVIS (DAV140)
								ASB-1115-D59W
								Attorney for Plaintiffs

**OF COUNSEL:**

**DAVIS & HERRINGTON, L.L.C.**
Park Place Center
8650 Minnie Brown Road, Suite 150
Montgomery, Alabama 36117
(334) 215-4449
(334) 215-4459 (Fax)
wrd@davisherrington.com

4