RECEIVED
2006 NOV 27 P 3: 48

**FOR THE MIDDLE DISTRICT OF ALABAMA**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

SHANNON FOSTER; CLIFFTON LOVEJOY;
TIFFANI SAUNDER; RONALD SPENCER;
and MELISSA TURNER,

    Plaintiff,

vs.                Civil Action No.: 2:06CV980-10

TIFFANY COLEMAN SMITH,

    Defendant – Third-Party Plaintiff

v.

DEBRA T. SMITH-MATFIELD,

    Third-Party Defendant.

## THIRD PARTY COMPLAINT

COMES NOW, the defendant - third-party plaintiff, Tiffany Coleman Smith, (hereafter, third party plaintiff) against the above-captioned third-party defendant, Debra T. Smith-Matfield and would show unto the Court as follows:

### FACTS

1. Third-party plaintiff avers that the third-party defendant drafted a document titled "Change of Ownership Angel's Outreach Outpatient" which was signed, by third-party plaintiff and the third-party defendant. (See attached Exhibit)

2. Third-party plaintiff avers that the document indicated, "This transfer is to become effective September 5, 2006."

3. Third-party plaintiff avers that the third-party defendant collected payments from the outreach clients on September 5th.

4. Third-party plaintiff avers that payment collected by the third-party defendant was sufficient to satisfy the July payroll.

5. Third-party plaintiff avers she was informed by her former employees that they had not been paid and that she contacted the third-party defendant in regards to the non-payment issue.

6. Third-party plaintiff avers that the third-party defendant did not respond to the issue of the non-payment.

## COUNT 1.

7. The third-party plaintiff hereby incorporates and realleges paragraphs 1 through 6 for purposes of this complaint.

8. At the time that the third-party plaintiff and the third-party defendant executed the "Change of Ownership Angel's Outreach Outpatient" document the third-party defendant represented to the third-party plaintiff that she would pay the employees of Angel's Outreach.

9. The representation made by the third-party defendant was false.

10. The third-party plaintiff believed the representations and in reliance upon them transferred the ownership of Angel's Outreach to the third-party defendant.

WHEREFORE, the third-party plaintiff prays judgment against third-party defendant for all or part of any sums that may be adjudged against third-party plaintiff in favor of plaintiffs or any plaintiff and for all costs and attorney fees incurred by third-party plaintiff in defending herself against the principal complaint herein.

## COUNT II

11. The third-party plaintiff hereby incorporates and realleges paragraphs 1 through 6 for purposes of this complaint.

12. The third-party plaintiff avers that the third-party defendant drafted a document titled "Change of Ownership Angel's Outreach Outpatient" which was signed, by the third-party plaintiff and the third-party defendant with the transfer to become effective September 5, 2006 and implicit in the agreement was that the third-party defendant would assume all ownership responsibilities.

13. The third-party plaintiff avers that the third-party defendant breached the agreement by failing to pay the employees of Angel's Outreach, LLC.

Wherefore third party plaintiff prays judgment against third-party defendant in the sum of $25,000.00 dollars, and costs and judgment against third-party defendant for all or part of any sums that may be adjudged against third-party plaintiff in favor of plaintiffs or any plaintiff and for all costs and attorney fees incurred by third-party plaintiff in defending herself against the principal complaint herein.

## COUNT II

14. Third-Party Plaintiff avers that the Angel's Outreach program required certifications from the State of Alabama Mental Health and the Alabama Board of Nursing.

15. Third-Party Plaintiff avers that she made several requests to the third-party defendant for release of the two certifications to her because she is no longer involved in the business, and she has not returned the certificates to her.

16. Third-Party Plaintiff avers that the third-party defendant also has failed to provide tax information relating to the payment of State and Federal employees taxes.

WHEREFORE, the third-party plaintiff prays that the third-party defendant be ordered to return the certificates to her, to provide her with all information relating to the payment of State and Federal employees taxes, and for any such further relief that this Court may deem appropriate.

Respectfully submitted,

*Tiffany C. Smith*
Tiffany Coleman Smith, Pro Se
8901 Glen Rose Way
Montgomery, AL 36117

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to the Attorney for plaintiff by mailing a copy of the same postage prepaid and properly addressed on this the 27th day of November 2006 and was served on the third party defendant pursuant to the Federal Rules of Civil Procedure.

*Tiffany C. Smith*
Tiffany Coleman Smith

The Hon. William R. Davis
Davis & Herrington, L.L.C.
Park Place Center
8650 Minnie Brown Road, Suite 150
Montgomery, AL 36117

CHANGE OF OWNERSHIP
ANGELS OUTREACH OUTPATIENT

I, Tiffany C. Smith, do hereby transfer ownership of Angels Outreach Outpatient to Debra T. Smith-Matfield of Assistance In Recovery, Inc. I hereby forego all rights associated with Angels Outreach Outpatient. This acquisition is at no cost to Debra T. Smith-Matfield. All furnishing, machinery, etc. located at Angels Outreach Outpatient is hereby donated. This transfer is to become effective September 5, 2006.

_____
Tiffany C. Smith

_____
Debra T. Smith-Matfield

EXHIBIT