IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANNON FOSTER;  )<br>CLIFTON LOVEJOY;  )<br>TIFFANI SAUNDER;  )<br>RONALD SPENCER; and  )<br>MELISSA TURNER  )<br>      PLAINTIFFS  )<br>  )<br>  )<br>  )<br>v.  )<br>  )<br>TIFFANY COLEMAN SMITH,  )<br>      DEFENDANT/THIRD  )<br>      PARTY PLAINTIFF  )<br>  )<br>v.  )<br>  )<br>DEBRA T. SMITH-MATFIELD  )<br>      THIRD PARTY  )<br>      DEFENDANT/  )<br>      COUNTERCLAIM  )<br>      PLAINTIFF  )  | CIVIL ACTION NO:<br>2:06-CV-980 |

**DEBRA T. SMITH-MATFIELD'S ANSWER AND AFFIRMATIVE DEFENSES
TO VERIFIED COMPLAINT**

COMES NOW, Debra T. Smith-Matfield, by and through undersigned counsel, pursuant to Rules 7 and 8, Federal Rules of Civil Procedure, and brings this Answer to Tiffany Coleman Smith's Third-Party Complaint and pursuant to Rules 13 and 14, Federal Rules of Civil Procedure, brings the following counterclaim against Tiffany Coleman Smith:

**FACTS**

1.      Third Party Defendant admits signing the "Change of Ownership Angel's Outreach Outpatient" attached as Exhibit to the Third Party Complaint but avers the Exhibit does not constitute the full agreement between the parties and attaches as Exhibit

to this Answer and Counterclaim an additional signed document also entitled "Change of Ownership Angel's Outreach Outpatient" attached as Exhibit A.

2. Third Party Defendant admits the "Change of Ownership Angel's Outreach Outpatient" states "This transfer is to become effective September 5, 2006" but denies this document incorporates the full agreement between parties.

3. Denied.

4. Denied.

5. Third Party Defendant is without sufficient information to admit or deny the statements made by Plaintiffs to the Third Party Plaintiff. The Third Party Defendant denies Third Party Plaintiff contacted Third Party Defendant regarding "non-payment" issue as set forth in paragraph five.

6. Denied.

## COUNT I

7. Third Party Defendant hereby incorporates and realleges paragraphs 1 through 6 as if fully set forth herein.

8. Denied.

9. Denied.

10. Third Party Defendant denies any representations to the Third Party Plaintiff regarding payments to Angel's Outreach employees prior to September 5, 2006 and further avers that the terms of the "Change of Ownership Angel's Outreach Outpatient" requires Third Party Plaintiff to pay the wages sought by Plaintiffs. Third Party Defendant denies the relief sought by Third Party Plaintiff in the "WHEREFORE" paragraph and demands strict proof thereof.

## COUNT II

11. Third Party Defendant hereby incorporates and realleges paragraphs 1 through 10 as if fully set forth herein.

12. Third Party Defendant admits signing the document entitled "Change of Ownership Angel's Outreach Outpatient" but denies Third Party Plaintiff's claim that "implicit in the agreement was that the third-party defendant would assume all ownership responsibilities" regarding back wages or salaries earned prior to September 5, 2006.

13. Denied. Third Party Defendant denies the relief sought by Third Party Plaintiff in the "WHEREFORE" paragraph and demands strict proof thereof.

## COUNT III

**(Identified as a second "Count II" in Third Party Plaintiff's Complaint)**

14. Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment and therefore denies the same pursuant to Rule 8, Federal Rules of Civil Procedure.

15. Third Party Defendant admits Third Party Plaintiff requested return of the two certificates referenced in paragraph 15 of the Third Party Complaint but denies the Third Party Plaintiff has any right to the certificates.

16. Denied. Third Party Defendant denies the relief sought by Third Party Plaintiff in the "WHEREFORE" paragraph and demands strict proof thereof.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state a claim against Third Party Defendant for which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Pursuant to Rule 8(c), <u>Federal Rules Civil Procedure</u>, Third Party Defendant raises fraud as an affirmative defense to the allegations, averments, claims and relief set forth in the Third Party complaint.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to Rule 8(c), <u>Federal Rules Civil Procedure</u>, Third Party Defendant raises release as an affirmative defense to the allegations, averments, claims and relief set forth in the Third Party complaint.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to Rule 8(c), <u>Federal Rules Civil Procedure</u>, Third Party Defendant raises waiver as an affirmative defense to the allegations, averments, claims and relief set forth in the Third Party complaint.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to Rule 8(c), <u>Federal Rules Civil Procedure</u>, Third Party Defendant raises contributory negligence as an affirmative defense to the allegations, averments, claims and relief set forth in the Third Party complaint.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to Rule 8(c), <u>Federal Rules Civil Procedure</u>, Third Party Defendant raises accord and satisfaction as an affirmative defense to the allegations, averments, claims and relief set forth in the Third Party complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Third Party Defendant raises breach of contract as an affirmative defense to the allegations, averments, claims and relief set forth in the Third Party complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Rule 8(c), Federal Rules Civil Procedure, Third Party Defendant raises illegality as an affirmative defense to the allegations, averments, claims and relief set forth in the Third Party complaint.

### NINTH AFFIRMATIVE DEFENSE

Pursuant to Rule 8(c), Federal Rules Civil Procedure, Third Party Defendant raises laches as an affirmative defense to the allegations, averments, claims and relief set forth in the Third Party complaint.

### TENTH AFFIRMATIVE DEFENSE

Third Party Defendant denies each and every material allegation set forth in the Third Party complaint and demands strict proof thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

Third Party Defendant hereby asserts each and every other available affirmative defense not specifically set forth herein.

### TWELTH AFFIRMATIVE DEFENSE

Third Party Defendant reserves the right to assert each and every other affirmative defense as it becomes available.

### THIRD PARTY DEFENDANT DEBRA T. SMITH-MATFIELD'S COUNTERCLAIM AGAINST THIRD PARTY PLAINTIFF TIFFANY C. SMITH

COMES NOW, THIRD PARTY DEFENDANT, Debra T. Smith-Matfield, pursuant to Rules 13 & 14, Federal Rules of Civil Procedure, and brings the following counterclaim against the Defendant/Third Party Plaintiff, Tiffany Coleman Smith, and in support thereof avers the following:

### JURISDICTION

This Honorable Court has jurisdiction over the following claims pursuant to Title 28 United States Code § 1367.

## FACTS

1.      On or around September 5, 2006, Tiffany Coleman Smith (hereinafter "Ms. Smith") and Debra T. Smith-Matfield (hereinafter "Ms. Matfield") executed two contracts, each entitled "Change of Ownership Angels Outreach, LLC."

2.      The first version of the contract (hereinafter "First Contract") (the First Contract is attached as an exhibit to the Third Party Complaint without designation) sets forth the terms of the transfer of the Angel's Outreach Limited Liability Company from Ms. Smith to Ms. Matfield.

3.      The subsequent contract (hereinafter the "Second Contract") included identical terms except for the following clause, "All liabilities prior to the signing of this agreement remain with previous owner."  (Second Contract, "Exhibit A").

4.      The First and Second Contract relate to the same subject matter, i.e. the transfer of ownership of Angel's Outreach from Ms. Smith to Ms. Matfield.

5.      Ms. Smith was the designated "previous owner" of Angel's Outreach referenced in the second contract.

6.      On September 1, 2006, Ms. Smith dissolved Angel's Outreach, according to information obtained from the Alabama Secretary of State website (Corporate Details, Office of the Secretary of State, State of Alabama, website, "Exhibit B").

7.      Ms. Smith did not inform Ms. Matfield of the dissolution of Angel's Outreach prior to the September 5, 2006 contract exchanging ownership of the same.

8.      On November 8, 2006, Ms. Matfield was required to reorganize Angel's Outreach as "Angels Outreach Outpatient."

9. Ms. Smith is an experienced and sophisticated business woman familiar with the scope, contents and effect of contracts and other related general business matters.

10. Ms. Smith failed to include the Second Contract in her third party complaint filed with this Honorable Court.

### COUNT I (Fraud)

11. Counterclaim Plaintiff/Third Party Defendant hereby incorporates and realleges paragraphs 1 through 10 as if fully set forth herein.

12. Ms. Smith fraudulently and falsely represented to Ms. Smith that Angel's Outreach was an existing business entity capable of transfer of ownership to Ms. Matfield, a fact material to the contract entered into by Ms. Smith.

13. Ms. Matfield relied upon Ms. Smith's statements only to later discover Ms. Smith dissolved the corporate entity on or around September 1, 2006.

14. As a direct and/or proximate result of Ms. Smith's false representations, Ms. Matfield suffered significant and demonstrable damages.

WHEREFORE, PREMISES CONSIDERED, Ms. Matfield seeks all damages and remedies available to her and against Ms. Smith in an amount to be determined by this Honorable Court.

### COUNT II (Breach of Contract)

15. Counterclaim Plaintiff/Third Party Defendant hereby incorporates and realleges paragraphs 1 through 10 as if fully set forth herein.

16. On September 5, 2006, Ms. Smith and Ms. Matfield, by their signatures thereto, executed a valid and enforceable contract referenced herein as the Second Contract.

17. Pursuant to the Second Contract, Ms. Smith, as the previous owner of Angel's Outreach, agreed to accept responsibility for "all liabilities prior to the signing of this agreement." See Exhibit A.

18. In breach of this agreement, Ms. Smith filed a Third Party Complaint against Ms. Matfield in the above-entitled matter seeking "$25,000.00 dollars … for all sums that may be adjudged against third-party plaintiff in favor of plaintiffs or any plaintiff" for her own failure to pay wages earned by the original plaintiffs who sued Ms. Smith.

19. By failing to pay the named plaintiffs in the above-referenced matter, Ms. Smith breached the terms of the Second Contract.

20. As a direct and/or proximate result of Ms. Smith's breach of contract, Ms. Matfield suffered significant and demonstrable damages.

WHEREFORE, PREMISES CONSIDERED, Ms. Matfield seeks all damages and remedies available to her and against Ms. Smith in an amount to be determined by this Honorable Court.

**COUNT III (Alabama Litigation Accountability Act)**

21. Counterclaim Plaintiff/Third Party Defendant hereby incorporates and realleges paragraphs 1 through 10 as if fully set forth herein.

22. § 12-19-272, Code of Alabama authorizes the award of attorneys fees "against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part."

23. On September 5, 2006, Ms. Smith executed the Second Contract wherein she agreed to assume responsibility for any and all liabilities arising before September 5,

2006, including the unpaid wages sought by the original plaintiffs in the above-entitled action.

24.     Ms. Smith is an experienced and sophisticated business woman and her signature to the Second Contract clearly indicates her understanding of the terms therein.

25.     Ms. Smith violated this provision by intentionally failing to attach to her third party complaint the Second Contract and by suing Ms. Matfield for unpaid wages which Ms. Smith is contractually required to pay and which Ms. Smith failed to pay in violation of state and federal law.

26.     Ms. Smith's third party complaint is without substantial justification either in whole or in part.

WHEREFORE, PREMISES CONSIDERED, Ms. Matfield seeks an award of attorney's fees and costs incurred in the defense of Ms. Smith's Third Party Complaint and any other remedies available to her and against Ms. Smith in an amount to be determined by this Honorable Court.

                    **/s/ Matthew P. Teague**
                    Matthew P. Teague (TEA010)
                    Attorney for Lewis Thurman

Of Counsel:

Matthew P. Teague, Esq.
138 Adams Avenue, Second Floor, Suite 3
Post Office Box 586
Montgomery, AL 36101
(334) 834-4500 (Telephone)
(334) 834-4500 (Facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 27th, 2007, I electronically filed the foregoing with the Clerk of Court using the CMF/ECF system which will send notification of such filing to all parties of record. I hereby certify a copy of the foregoing document has been served on all other parties and counsel of record by placing the same in the U.S. Mail, postage prepaid and addressed as shown below, this the 27th day of April, 2007.

Tiffany Coleman Smith
8901 Glen Rose Way
Montgomery, AL 36117

                                              **/s/ Matthew P. Teague**
                                              Matthew P. Teague, Esq.

# CHANGE OF OWNERSHIP
# ANGELS OUTREACH, LLC

I, Tiffany C. Smith, do hereby transfer ownership of Angels Outreach, LLC to Debra T. Smith (Matfield) of Assistance In Recovery, Inc. I hereby forgo all rights associated with Angels Outreach, LLC. All liabilities prior to the signing of this agreement remain with previous owner. All future liabilities as of the date of signing become that of current owner. This acquisition is at no cost to Debra T. Smith (Matfield). All furnishings, machinery, etc. located at Angels Outreach are at no cost and donated with change of ownership. This transfer is to become effective September 5, 2006.

_____          September 5, 2006
Tiffany C. Smith                                      Date

_____          September 5, 2006
Debra T. Smith (Matfield)                        Date



# CORPORATE DETAILS
### Office of the Secretary of State
### State of Alabama

**INITIATE NEW BROWSE**

| | |
|---|---|
| Company | DLL 475-532 |
| Legal Name: | Angels Outreach, LLC |
| County Filed: | Montgomery County |
| Formed Date.: | 02-27-2006  Dissolved.: 09-01-2006 |
| Report Date.: | * Not On Data Base |
| Reg Agent...: | SMITH, TIFFANY COLEMAN<br>4468 TROY HWY<br>MONTGOMERY, AL  36116 |
| Prin Address: | MONTGOMERY, AL |
| Offc Of Rec.: | * Not On Data Base |
| Capital Amt.: | * Not On Data Base |
| Nat Of Bus..: | CONSULTING SERVICE FOR EVALUATING CLIENTS/OUT PATIENT TREATMENT |
| Members.....: | SPENCER, RONALD R SR |

**TRANSACTION LIST**    **VIEW DOCUMENTS**

\* Images are only available to the general public on the public viewing stations.
They are not available on the website.

← **PREVIOUS PAGE**




© 2007, Office of the Secretary of State, State of Alabama