IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | | |
|---|---|---|
| SHANNON FOSTER et al.; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO.: 2:06cv980-ID |
| vs. | ) | |
| | ) | |
| ANGELS OUTREACH, LLC et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFFS' BRIEF IN SUPPORT
## OF THEIR MOTION FOR SUMMARY JUDGMENT

---

**COME NOW** Plaintiffs Shannon Foster, Clifton Lovejoy, Tiffani Saunders; Ronald Spencer and Melissa Turner (hereinafter "Plaintiffs"), by and through the undersigned, and respectfully request this Honorable Court enter an order granting summary judgment in their favor on the issues of liability and damages.

## I.     INTRODUCTION

Plaintiffs filed the instant action against Defendants Angels Outreach, LLC. and Tiffany Coleman Smith (hereinafter "Defendants") to recover unpaid wages due them pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), specifically 29 U.S.C. § 206. Plaintiffs seek to recover unpaid compensation, an equal amount of liquidated damages, attorneys' fees, plus costs pursuant to 29 U.S.C. § 216(b).   Plaintiffs seek summary judgment as to (1) Defendants' violation of 29 U.S.C. § 206(b); (2) the amount of unpaid wages due; and (3) Plaintiffs' entitlement to liquidated damages pursuant to 29 U.S.C. § 216(b).

## II.    STATEMENT OF THE FACTS

Plaintiffs are all ex-employees of Angels Outreach, LLC. and Tiffany Coleman Smith (hereinafter "Defendants").[1]  Defendants employed Plaintiffs as alcohol and drug addiction counselors during the months of July and August of 2006.  Plaintiffs were to be paid an hourly rate for all hours worked each month.[2]  During the months of July and August of 2006, Plaintiffs worked varying hours.[3]  On September 5, 2006, Defendant Tiffany Coleman Smith transferred ownership of Defendant Angles Outreach, LLC. to Debra T. Smith-Matfield.[4]  Despite the change of ownership, Defendant Tiffany Coleman Smith remains liable for the payment of Plaintiffs' unpaid wages due to the fact any and all liabilities prior to the execution of the Change of Ownership remain with Defendant Tiffany Coleman Smith.[5]  To date, Plaintiffs have yet to receive any compensation for the work performed in the months of July and August of 2006.[6]


## III.    ARGUMENT

## A.    SUMMARY JUDGMENT STANDARD

As this Court is intimately familiar, under Rule 56(c) of the <u>Federal Rules of Civil Procedure</u>, summary judgment is appropriate "if the pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any, show that there is no

---

[1] See Declarations of Plaintiffs attached hereto as Exhibits "A-E".

[2] <u>Id</u>.

[3] <u>Id</u>.

[4] See the executed Change of Ownership agreement attached hereto as Exhibit "F".

[5] The Change of Ownership unambiguously states: "All liabilities prior to the signing of this agreement remain with previous owner."

[6] See Declarations of Plaintiffs attached hereto as Exhibits "A-E".

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any', which it believes demonstrates the absence of a genuine issue of material fact." <u>Id</u>. at 323.[7] In a FLSA case, once a plaintiff proves the parties are subject to the purviews of the FLSA, the burden is on the defendant to prove the plaintiff falls within a bona fide exemption recognized under the established regulatory scheme. <u>Atlanta Prof'l Firefighters Union, Local 134 v. City of Atlanta</u>, 920 F.2d 800, 804 (11th Cir. 1991).


**B.     <u>PLAINTIFFS ARE DUE TO BE COMPENSATED</u>**

"The Fair Labor Standards Act was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." <u>Olson v. Superior Pontiac-GMC, Inc.</u>, 765 F.2d 1570, 1580 (11th Cir.1985). The FLSA was "designed to give specific minimum protections to individual workers" and "ensure that employees would receive the minimum wage for each hour worked within a pay period." <u>Barrentine v. Arkansas-Best Freight System, Inc.</u>, 450 U.S. 728, 739 (1981). Defendants' conduct of withholding Plaintiffs' earned wages is the very type of conduct the FLSA was enacted to prevent in that "the Act clearly requires an employee to be paid the minimum wage for each hour worked during the pay period." <u>Olson v. Superior Pontiac-GMC, Inc.</u>, 765 F.2d 1570 (11th Cir.1985). "Awards of unpaid minimum wages, unpaid overtime compensation, employment, reinstatement, promotion, and the payment

---

[7] See <u>Hendricks v. Baptist Health Services</u>, 278 F.Supp.2d 1276 (M.D. Ala. 2003) for a thorough discussion of the summary judgment standard.

of wages lost all attempt to put the plaintiff in the place she would have been absent the employer's misconduct." <u>Snapp v. Unlimited Concepts, Inc.</u>, 208 F.3d 928, 934 (11th Cir. 2000).

Section 206(b) mandates employers pay minimum wages to employees if work was performed. 29 U.S.C. § 206.[8] "This places a duty on the employer to ensure that the employee receives payment of the minimum wage." <u>Olson v. Superior Pontiac-GMC, Inc.</u>, 765 F.2d 1570, 1579 (11th Cir.1985). The obligation to pay set out in § 206(b) "kicks in once an employee has done covered work in any workweek." <u>Biggs v. Wilson</u>, 1 F.3d 1537 (9th Cir.1993). "The employee must actually receive the minimum wage each pay period." <u>Olson v. Superior Pontiac-GMC, Inc.</u>, 765 F.2d 1570, 1579 (11th Cir.1985).

In this action, Plaintiffs performed covered work in July and August of 2006 yet they have not been compensated as required by the FLSA.[9] Defendants' failure and/or refusal to compensate Plaintiffs their earned minimum wages for worked performed is a clear violation of § 206(b). As a result, Plaintiffs are entitled to summary judgment as to Defendants' violation of 29 U.S.C. § 206(b).

## C.  <u>PLAINTIFFS' UNPAID WAGES ARE DUE AND EASLIY CALCULATED</u>

"The only logical point that wages become 'unpaid' is when they are not paid at the time work has been done, the minimum wage is due and wages are ordinarily paid- on payday." <u>Biggs v. Wilson</u>, 1 F.3d 1537, 1540 (9th Cir.1993). "Pay checks are due on payday. After that, the minimum wage is 'unpaid'." <u>Id</u> at 1544. Plaintiffs have not received any compensation at all for the months of July and August and therefore their wages are unpaid and well over due.

---

[8] 29 U.S.C. § 206(b) provides: "Every employer shall pay to each of his employees (other than an employee who subsection (a)(5) of this section applies) who in any workweek is engaged in commerce or in the production of goods for commerce . . . wages at the following rate: . . . not less than the minimum wage."

[9] See Declarations of Plaintiffs attached hereto as Exhibits "A-E".

Each Plaintiff was paid a varying hourly rate on a monthly basis for all work performed during the month.[10]   Plaintiffs performed work but were not compensated for the following hours:

> Shannon Foster- 105.9 hours (55.45 in July and 50.45 in August)[11];
>
> Clifton Lovejoy- 76 hours  (38 in July and 38 in August)[12];
>
> Tiffani Saunders- 54 hours (18 in July and 36 in August)[13];
>
> Ronald Spencer - 73 hours (37 in July and 36 in August)[14]; and
>
> Melissa Turner- 42 hours  (35 in July and 7 in August)[15]

Plaintiffs are collectively owed unpaid compensation totaling $8,218.50.[16]  In turn, an order granting summary judgment as to the amount of back wages owed is due to be entered.


**D.     PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES**

In addition to the $8,218.50 in unpaid wages, Plaintiffs are also entitled to an additional equal amount in damages as dictated by § 216(b) of the FLSA.   "Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCS §§ 206 or 207] shall be liable to the

---

[10] Plaintiffs' respective rates of pay were as follows: Foster was to be paid an hourly rate of $15.00; Turner was to be paid an hourly rate of $25.00; Lovejoy was to be paid an hourly rate of $35.00; Spencer was to be paid an hourly rate of $30.00; and Saunders was to be paid an hourly rate of $15.00.  See Plaintiffs' Declarations attached hereto as Exhibits "A-E".

[11] See Shannon Foster's time sheets for July and August of 2006 attached hereto as Exhibit "G".

[12] See Clifton Lovejoy's time sheets for July and August of 2006 attached hereto as Exhibit "H".

[13] See Tiffani Saunder's time sheets for July and August of 2006 attached hereto as Exhibit "I".

[14] See Ronald Spencer's time sheets for July and August of 2006 attached hereto as Exhibit "J".

[15] See Melissa Turner's time sheets for July and August of 2006 attached hereto as Exhibit "K".

[16] Plaintiffs arrived at this calculation by multiplying each Plaintiff's hourly rate by the number of hours each worked in the months of July and August. Plaintiffs claim they the following amounts are owed them individually: Shannon Foster- $1,588.50; Clifton Lovejoy-$2,280.00; Tiffani Saunders- $810.00; Ronald Spencer - $2,490.00; and Melissa Turner- $1,050.00.

employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).[17]  A court may only refuse liquidated damages if a defendant can prove they acted in good-faith in not paying the appropriate wages that are owed.[18]

It is common knowledge employees are due wages if they perform work. There is no administrative order or regulation alleviating an employer's duty to pay the minimum wages required by § 206(b) upon which Defendants can rely nor can Defendants show Plaintiffs fall within an exemption to the payment of minimum wages.  As such, Defendants cannot assert reasonable grounds for failing to compensate Plaintiffs as to support any type of "good faith" defense to an award of liquidated damages. Therefore, Plaintiffs are entitled to an award of liquidated damages in the amount of $8, 218.50.[19]

## III.    CONCLUSION

Evidence has been presented establishing Defendants did not compensate Plaintiffs for the work they performed in the months of July and August of 2006 as mandated by the FLSA. Defendants can put forth no evidence showing compliance with the FLSA.  In turn, there can be no genuine issue as to any material fact regarding (1) Defendants' violation of 29 U.S.C. § 206(b); (2) the amount of unpaid wages due; and (3) Plaintiffs' entitlement to liquidated

---

[17] "The liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000).

[18] Cox v. Berkshire Grocery Co., 919 F.2d 354, 356 (5th Cir. 1990).

[19] Liquidated damages would be owed as follows:  Shannon Foster- $1,588.50; Clifton Lovejoy-$2,280.00; Tiffani Saunders- $810.00; Ronald Spencer - $2,490.00; and Melissa Turner- $1,050.00.  These amounts are equal to each Plaintiffs' unpaid wages.

damages pursuant to 29 U.S.C. § 216(b). Based upon the aforementioned, Plaintiffs' Motion for Summary Judgment as to Defendants' liability under the FLSA and the amount of damages owed is due to be GRANTED.


/s/ William R. Davis
WILLIAM R. DAVIS (DAV140)
ASB-1115-D59W
Attorney for Plaintiffs


**OF COUNSEL:**

**DAVIS & HERRINGTON, L.L.C.**
Park Place Center
8650 Minnie Brown Road, Suite 150
Montgomery, Alabama 36117
(334) 215-4449
(334) 215-4459 (Fax)
wrd@davisherrington.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007 I served the foregoing document on the following parties or attorneys by CM/ECF, by hand delivery or by placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid.

Tiffany Coleman Smith, Pro Se
8901 Glen Rose Way
Montgomery, Alabama 36117

Matthew P. Teague
138 Adams Avenue, Second Floor, Suite 3
P.O. Box 596
Montgomery, Alabama 36101
(334) 834-4500
(334) 934-4500 (Fax)

/s/ William R. Davis
OF COUNSEL