## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **SHANNON FOSTER;** | ) | |
| **CLIFTON LOVEJOY;** | ) | |
| **TIFFANI SAUNDER;** | ) | |
| **RONALD SPENCER; and** | ) | |
| **MELISSA TURNER** | ) | |
|      **PLAINTIFFS** | ) | |
| | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-CV-980** |
| | ) | |
|    **v.** | ) | |
| | ) | |
| **TIFFANY COLEMAN SMITH,** | ) | |
|      **DEFENDANT/THIRD** | ) | |
|      **PARTY PLAINTIFF** | ) | |
| | ) | |
|    **v.** | ) | |
| | ) | |
| **DEBRA T. SMITH-MATFIELD** | ) | |
|      **THIRD PARTY** | ) | |
|      **DEFENDANT/** | ) | |
|      **COUNTERCLAIM** | ) | |
|      **PLAINTIFF** | ) | |

## DEBRA T. SMITH-MATFIELD'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure, Rule 56, Third Party Defendant/Counter-Claim Plaintiff Debra T. Smith-Matfield, by and through undersigned counsel, moves this Honorable Court for an entry of summary judgment in her favor on her defense to all counts of the Third Party Complaint and in her favor on all counts of Counter-claim and in support thereof states the following:

1. The Movant, Debra T. Smith-Matfield (hereinafter "Ms. Matfield"), is entitled to summary judgment in that there are no genuine issues as to any material fact and that she

is entitled to a judgment as a matter of law based on the pleadings, admissions, affidavits, and other evidence referred to herein. Fed.R.Civ.Proc., Rule 56.

2.    Ms. Matfield is entitled to summary judgment in her favor on all claims brought against her by Tiffany Coleman Smith (hereinafter "Ms. Smith") in the "Third Party Complaint" filed on or around November 6, 2006.

3.    Ms. Matfield seeks summary judgment in her favor on all claims designated and set forth in her Counterclaim brought against Ms. Smith on or around April 26, 2007.

4.    The evidence attached hereto as designated exhibits supports this motion for summary judgment, said evidence being:

> Exhibit A - The Complaint filed by Shannon Foster, Clifton Lovejoy, Tiffani Saunders, Ronald Spencer and Melissa Turner;
>
> Exhibit B - The affidavits and timesheets of Shannon Foster, Clifton Lovejoy, Tiffani Saunders, Ronald Spencer and Melissa Turner;
>
> Exhibit C  - "Change of Ownership Angels Outreach LLC" attached to the Third Party Complaint;
>
> Exhibit D  - "Change of Ownership Angels Outreach LLC" attached to Ms. Matfield's Answer and/or Counterclaim;
>
> Exhibit E - "Alabama Secretary of State Corporate Details" document for Angels Outreach, LLC, attached to Ms. Matfield's Answer and/or Counterclaim;
>
> Exhibit F - Ms. Matfield's Requests for Admission[1] to Tiffany Coleman Smith;
>
> Exhibit G - Affidavit of Ms. Matfield[2];
>
> Exhibit H – Third Party Complaint.

---

[1] Tiffany Coleman Smith, the Third Party Plaintiff/ Counterclaim Defendant, failed to respond to these Requests for Admission. Pursuant to Rule 36, Federal Rules of Civil Procedure, said requests are deemed admitted.
[2] The undersigned avers this exhibit is a true and correct copy of the original affidavit which is being kept on file in the undersigned's office pending further instruction from this Honorable Court.

5.      Ms. Matfield hereby incorporates her "Brief in Support of Summary Judgment",

filed under separate cover, as if fully set forth herein.

        WHEREFORE, PREMISES CONSIDERED, Movant prays this Honorable Court


grant this Motion for Summary Judgment.

                                            **s/ Matthew P. Teague**
                                            Matthew P. Teague (TEA010)
                                            Attorney for Debra T. Smith-Matfield

Of Counsel:

Matthew P. Teague, Esq.
138 Adams Avenue, Second Floor, Suite 3
Post Office Box 586
Montgomery, AL 36101
(334) 834-4500 (Telephone)
(334) 834-4500 (Facsimile)

### CERTIFICATE OF SERVICE

        I hereby certify that on September 10th, 2007, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, by hand delivery or by placing a copy

of the same in the United States mail properly addressed and postage prepaid.

Tiffany Coleman Smith              William R. Davis
8901 Glen Rose Way                 8650 Minnie Brown Road, Suite 150
Montgomery, AL 36117               Montgomery, AL 36117


                                            **/s/ Matthew P. Teague**
                                            Matthew P. Teague, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED

2006 OCT 31 A 9 32

SHANNON FOSTER; CLIFFTON LOVEJOY; )
TIFFANI SAUNDERS; RONALD SPENCER; )
and MELISSA TURNER )

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

    Plaintiffs,

VS.

ANGELS OUTREACH, LLC.; and
TIFFANY COLEMAN SMITH

    Defendants.

)
)
)
)
) CIVIL ACTION NO.:
) 2:06cv 980 - ID
)
)
)
)
)
)
)

---

## COMPLAINT

COMES NOW Plaintiffs Shannon Foster, Cliffton Lovejoy, Tiffani Saunders; Ronald Spencer and Melissa Turner (hereinafter "Plaintiffs"), by and through the undersigned, and hereby files the instant action against Defendants Angels Outreach, LLC. and Tiffany Coleman Smith pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for their cause of action states the following:

1.    Plaintiff Shannon Foster is over the age of nineteen (19) and is a resident citizen of Montgomery County, Alabama.

2.    Plaintiff Cliffton Lovejoy is over the age of nineteen (19) and is a resident citizen of Montgomery County, Alabama.

3.    Plaintiff Tiffani Saunders is over the age of nineteen (19) and is a resident citizen of Montgomery County, Alabama.

4.    Plaintiff Melissa Turner is over the age of nineteen (19) and is a resident citizen

1

of Montgomery County, Alabama.

5.      Defendant Angels Outreach, LLC. is a limited liability corporation formed pursuant to the laws of the State of Alabama and conducts business in the State of Alabama.

6.      Defendant Tiffany Coleman Smith is over the age of nineteen (19) and is a resident citizen of Montgomery County, Alabama.

7.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b).

8.      Venue is proper in the Middle District of Alabama under 29 U.S.C. §1391(b).

9.      This action is brought to recover unpaid wages owed to Plaintiffs pursuant to §206(b) of the FLSA.

10.     Plaintiffs performed covered work for Defendants in the months of July and *August of this year yet Defendants failed to pay Plaintiffs their earned wages. Plaintiffs seek* their unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and plus costs pursuant to 29 U.S.C. §216(b).

11.     At all times material to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

12.     At all times material to this action, Defendants were the "employers" of Plaintiffs as defined by §203(d) of the FLSA.

13.     At all times material to this action, Plaintiffs was an "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

14.     At all times relevant to this action, Defendants employed Plaintiffs.

15.     The services performed by Plaintiffs were a necessary and integral part of and

2

directly essential to Defendants' business.

16.    Plaintiffs performed their duties without compensation.

17.    Defendants have intentionally failed and/or refused to pay Plaintiffs in accordance with the provisions of the FLSA.

18.    Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employees with minimum wages. Despite this knowledge, Defendants have failed to pay Plaintiffs the mandatory lawful compensation in compliance with the FLSA.

19.    Defendants have engaged in a widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiffs in accordance with §206 of the FLSA.

20.    As a result of Defendants' conduct, Plaintiffs have suffered damages in the form of *unpaid earned wages*.

21.    In addition to the amount of unpaid wages, Plaintiffs are entitled to recover an additional amount of liquidated damages and/or prejudgment interest pursuant to 29 U.S.C. §216(b).

22.    Defendants' failure to properly compensate Plaintiffs was willful.

23.    Defendants have not made a good faith effort to properly pay Plaintiffs.

24.    Defendants' actions amount to a breach of contract and/or unjust enrichment.

25.    Plaintiffs are entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, pursuant to §216(b) of the FLSA, Plaintiffs pray for the following relief:

1.    An award of damages in the amount of their unpaid compensation plus an equal amount of liquidated damages and/or prejudgment interest;

3

2.      An award of reasonable attorney's fees, including the costs and expenses of this

action; and

3.      Such other legal and equitable relief including, but not limited to, any injunctive

and/or declaratory relief, to which they may be entitled.


WILLIAM R. DAVIS (DAVI40)
ASB-1115-D59W
Attorney for Plaintiffs


OF COUNSEL:

**DAVIS & HERRINGTON, L.L.C.**
*Park Place Center*
8650 Minnie Brown Road, Suite 150
Montgomery, Alabama 36117
(334) 215-4449
(334) 215-4459 (Fax)
wrd@davisherrington.com


4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **SHANNON FOSTER et al.;** )<br><br>**Plaintiffs,** )<br><br>**vs.** )<br><br>**ANGELS OUTREACH, LLC et al.** )<br><br>**Defendants.** ) | )<br>)<br>)<br>)<br>) **CIVIL ACTION NO.: 2006-980**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

### DECLARATION OF SHANNON FOSTER

---

I, SHANNON FOSTER, under the penalty of perjury, do hereby swear and/or affirm that the following is true and accurate to the best of my knowledge, and that,

1.    I am over the age of nineteen (19) years and reside in Montgomery County, Alabama.

2.    I am competent to testify and make this declaration based upon personal knowledge.

3.    I offer this sworn statement in support of a motion for summary judgment being filed contemporaneously herewith.

4.    I was employed by Angels Outreach, LLC. and Tiffany Coleman Smith (hereinafter "Defendants") from July 5, 2005 through August 2006.

5.    I was employed with Defendants as alcohol and drug addiction counselor.

6.    My normal workweek consisted of between nine (9) and seventeen (17) hours per week.

7.    I was normally compensated on a monthly basis for all work I performed during said month.

8.    During the month of July of 2006, I worked over fifty-five (55) hours.

9.    During the month of August of 2006, I worked over fifty (50) hours.

10.    I was to be paid an hourly rate of fifteen (15) dollars for all hours worked during the months of July and August of 2006.



PLAINTIFF'S
EXHIBIT
_____ A _____

11.    To date, I have yet to receive any type of compensation for the worked I performed during the months of July and August of 2006.

12.    I declare under the penalty of perjury that the aforementioned is true and correct. Executed on the 30th day of November of 2006.

_____
SHANNON FOSTER

SWORN to and SUBSCRIBED before me this the 30th day of _NOVEMBER_, 2006

_____
NOTARY PUBLIC

My Commission Expires: _3/9/08_

2

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| SHANNON FOSTER et al.; | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.: 2006-980** |
| vs. | ) | |
| | ) | |
| ANGELS OUTREACH, LLC et al. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

---
### DECLARATION OF CLIFTON LOVEJOY
---

I, CLIFTON LOVEJOY, under the penalty of perjury, do hereby swear and/or affirm that the following is true and accurate to the best of my knowledge, and that,

1.   I am over the age of nineteen (19) years and reside in Montgomery County, Alabama.

2.   I am competent to testify and make this declaration based upon personal knowledge.

3.   I offer this sworn statement in support of a motion for summary judgment being filed contemporaneously herewith.

4.   I was employed by Angels Outreach, LLC. and Tiffany Coleman Smith (hereinafter "Defendants") from August 2005 through August 2006.

5.   I was employed with Defendants as alcohol and drug addiction counselor.

6.   My normal workweek consisted of approximately nine (9) hours per week.

7.   I was normally compensated on a monthly basis for all work I performed during said month.

8.   During the month of July of 2006, I worked thirty-eight (38) hours.

9.   During the month of August of 2006, I worked thirty-eight (38) hours.

10.   I was to be paid an hourly rate of thirty-five (35) dollars for all hours worked during the month of July of 2006 and thirty-five (35) dollars for hours worked in August of 2006.



PLAINTIFF'S
EXHIBIT

11.    To date, I have yet to receive any type of compensation for the worked I performed during the months of July and August of 2006.

12.    I declare under the penalty of perjury that the aforementioned is true and correct. Executed on the _____ day of November of 2006.

CLIFTON LOVEJOY

SWORN to and SUBSCRIBED before me this the ___ day of _____, 2006

NOTARY PUBLIC

My Commission Expires: 6/21/2008

2

Case 2:06-cv-00980-ID-CSC    Document 15    Filed 06/20/2007    Page 9 of 34

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SHANNON FOSTER et al.; | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| | ) CIVIL ACTION NO.: 2006-980 |
| vs. | ) |
| | ) |
| ANGELS OUTREACH, LLC et al. | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

---

### DECLARATION OF TIFFANI SAUNDERS
---

I, TIFFANI SAUNDERS, under the penalty of perjury, do hereby swear and/or affirm that the following is true and accurate to the best of my knowledge, and that,

1.    I am over the age of nineteen (19) years and reside in Montgomery County, Alabama.

2.    I am competent to testify and make this declaration based upon personal knowledge.

3.    I offer this sworn statement in support of a motion for summary judgment being filed contemporaneously herewith.

4.    I was employed by Angels Outreach, LLC. and Tiffany Coleman Smith (hereinafter "Defendants") from June 2006 through August 2006.

5.    I was employed with Defendants as alcohol and drug addiction counselor.

6.    My normal workweek consisted of approximately nine (9) hours per week.

7.    I was supposed to be compensated only a monthly basis for all work I performed during said month.

8.    During the month of July of 2006, I worked eighteen (18) hours.

9.    During the month of August of 2006, I worked over thirty-six (36) hours.

10.    I was to be paid an hourly rate of fifteen (15) dollars for all hours worked during the months of July and August of 2006.



PLAINTIFF'S EXHIBIT C

11.    To date, I have yet to receive any type of compensation for the worked I performed during the months of July and August of 2006.

12.    I declare under the penalty of perjury that the aforementioned is true and correct. Executed on the _20_ day of June of 2007.

_Tiffani Saunders_
TIFFANI SAUNDERS

SWORN to and SUBSCRIBED before me this the 20 day of _June_ , 2007

_____
NOTARY PUBLIC

My Commission Expires: NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Apr 12, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |
|---|---|
| SHANNON FOSTER et al.; | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| | ) **CIVIL ACTION NO.: 2006-980** |
| vs. | ) |
|  | ) |
| ANGELS OUTREACH, LLC et al. | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |
|  | ) |

---

### DECLARATION OF RONALD SPENCER

I, RONALD SPENCER, under the penalty of perjury, do hereby swear and/or affirm that the following is true and accurate to the best of my knowledge, and that,

1.    I am over the age of nineteen (19) years and reside in Elmore County, Alabama.

2.    I am competent to testify and make this declaration based upon personal knowledge.

3.    I offer this sworn statement in support of a motion for summary judgment being filed contemporaneously herewith.

4.    I was employed by Angels Outreach, LLC. and Tiffany Coleman Smith (hereinafter "Defendants") from April of 2006 through August 2006.

5.    I was employed with Defendants as alcohol and drug addiction counselor.

6.    My normal workweek consisted of approximately nine (9) hours per week.

7.    I was normally compensated on a monthly basis for all work I performed during said month.

8.    During the month of July of 2006, I worked thirty-seven (37) hours.

9.    During the month of August of 2006, I worked over thirty-six (36) hours.

10.    I was to be paid an hourly rate of thirty (30) dollars for all hours worked during the months of July and August of 2006.

11.    To date, I have yet to receive any type of compensation for the worked I performed during the months of July and August of 2006.



12.    I declare under the penalty of perjury that the aforementioned is true and correct.

Executed on the __5__ day of November of 2006.

RONALD SPENCER


SWORN to and SUBSCRIBED before me this the 5th day of NOV. _____, 2006

NOTARY PUBLIC

My Commission Expires 02/07/2009

My Commission Expires: _____

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

SHANNON FOSTER et al.;       )
                        )

      Plaintiffs,         )
                        )  CIVIL ACTION NO.: 2006-980

vs.                        )

ANGELS OUTREACH, LLC et al.  )
                        )

      Defendants.        )
                        )
                        )

---

## DECLARATION OF MELISSA TURNER

---

I, MELISSA TURNER, under the penalty of perjury, do hereby swear and/or affirm that the following is true and accurate to the best of my knowledge, and that,

1.     I am over the age of nineteen (19) years and reside in Pike County, Alabama.

2.     I am competent to testify and make this declaration based upon personal knowledge.

3.     I offer this sworn statement in support of a motion for summary judgment being filed contemporaneously herewith.

4.     I was employed by Angels Outreach, LLC. and Tiffany Coleman Smith (hereinafter "Defendants") from August 2004 through August of 2006.

5.     I was employed with Defendants as alcohol and drug addiction counselor.

6.     I was normally compensated on a monthly basis for all work I performed during said month.

7.     During the month of July of 2006, I worked thirty-five (35) hours.

8.     During the month of August of 2006, I worked seven (7) hours.

9.     I was to be paid an hourly rate of twenty-five (25) dollars for all hours worked during the months of July and August of 2006.

10.     To date, I have yet to receive any type of compensation for the worked I performed during the months of July and August of 2006.


PLAINTIFF'S EXHIBIT E

11.    I declare under the penalty of perjury that the aforementioned is true and correct.

Executed on the ___10___ day of ~~November~~ of 2006.

*December*

*Melissa L Turner*

MELISSA TURNER

SWORN to and SUBSCRIBED before me this the *10th* day of *December*, 2006

*Debra Frazier*

NOTARY PUBLIC

> DEBRA A. FRAZIER
> Notary Public, AL State at Large
> My Comm. Expires Aug. 11, 2008

My Commission Expires: _____

2

# CHANGE OF OWNERSHIP
# ANGELS OUTREACH, LLC

I, Tiffany C. Smith, do hereby transfer ownership of Angels Outreach, LLC to Debra T. Smith (Matfield) of Assistance In Recovery, Inc. I hereby forgo all rights associated with Angels Outreach, LLC. All liabilities prior to the signing of this agreement remain with previous owner. All future liabilities as of the date of signing become that of current owner. This acquisition is at no cost to Debra T. Smith (Matfield). All furnishings, machinery, etc. located at Angels Outreach are at no cost and donated with change of ownership. This transfer is to become effective September 5, 2006.


_____
Tiffany C. Smith

September 5, 2006
Date


_____
Debra T. Smith (Matfield)

September 5, 2006
Date



PLAINTIFF'S
EXHIBIT
F

# Time Sheet

Monday 7/10/06

SICK

Tuesday 7/11/06

5:30 - 9:30

Wednesday 7/12/06

X

Thursday 7/13/06

5:30 - 10:30

Friday 7/14/06

X

**Total of Hours: 9 hrs**

---

Monday 7/17/06

5:30 - 9:45

Tuesday 7/18/06

5:30 - 10:00

Wednesday 7/19/06

X

Thursday 7/20/06

5:30 - 10:45

Friday 7/21/06

X

SATURDAY family session
7-22-06
11:00 - 2:00

**Total of Hours: 17 hrs**

---

Monday 7/24/06

5:30 - 9:30

Tuesday 7/25/06

5:30 - 10:00

Wednesday 7/26/06

5   X

Thursday 7/27/06

5:30 - 10:30

Friday 7/28/06

X

**Total of Hours: 13 hr 30 min**

---

| Employee Name: | *signature* |
| Signature of Supervisor: | |
| Date Turned In: | 8/3/06 |

9:00
17:00
13:30
16:15
_____
55 hrs 45 mins

Comments:


PLAINTIFF'S
EXHIBIT
G

# Time Sheet

| Monday  7 /31 /06 | Monday  /  / | Monday  /  / |
|---|---|---|
| 5:30 - 9:45 | | |
| Tuesday  8 / 1 /06 | Tuesday  /  / | Tuesday  /  / |
| 5:30 - 10:00 | | |
| Wednesday 8 /2 /06 | Wednesday  /  / | Wednesday  /  / |
| 5:30 - 8:30 | | |
| Thursday 8 /3 / 06 | Thursday  /  / | Thursday  /  / |
| 5:30 - 10:00 | | |
| Friday  /  / | Friday  /  / | Friday  /  / |

| Total of Hours: 10hrs 15min | Total of Hours: | Total of Hours: |
|---|---|---|

| Employee Name: | *Sharon Porter* |
|---|---|
| Signature of Supervisor: | |
| Date Turned In: | 8/3/06 |

| Comments: |
|---|

3824.26

# Time Sheet

**Monday** 8/7/06

| 5:30-10:30 |
|---|

**Tuesday** 8/8/06

| 5:15-10:30 |
|---|

**Wednesday** 8/9/06

| X |
|---|

**Thursday** 8/10/06

| 5:30-10:15 |
|---|

**Friday** 8/11/06

| X |
|---|

**Total of Hours:** 5 hrs

---

**Monday** 8/14/06

| 5:30-10:00 |
|---|

**Tuesday** 8/15/06

| 5:30-10:00 |
|---|

**Wednesday** 8/16/06

| X |
|---|

**Thursday** 8/17/06

| 5:30-10:30 |
|---|

**Friday** 8/19/06

| X |
|---|

**Total of Hours:** 14 hrs

---

**Monday** 8/21/06

| 5:30-10:00 |
|---|

**Tuesday** 8/22/06

| 5:30-9:45 |
|---|

**Wednesday** 8/23/06

| X |
|---|

**Thursday** 8/24/06

| 5:30-10:30 |
|---|

**Friday** 8/25/06

| X |
|---|

Saturday 8/26/06 Family Person
11:30 - 9:45

**Total of Hours:** 17 hrs

---

**Employee Name:** _Diana White_

**Signature of Supervisor:**

**Date Turned In:** 8/31/06

50 hrs 45 min   15. hrs
                14. hrs
                17. hrs
50.75 × 15 =
76.25   4. 45 min

**Comments:**

# Time Sheet

| Monday 8/28/06 | Monday / / | Monday / / |
|---|---|---|
| Sick | | |

| Tuesday 8/29/06 | Tuesday / / | Tuesday / / |
|---|---|---|
| Sick | | |

| Wednesday 8/30/06 | Wednesday / / | Wednesday / / |
|---|---|---|
| X | | |

| Thursday 8/31/06 | Thursday / / | Thursday / / |
|---|---|---|
| 5:30 - 10:15 | | |

| Friday 9/1/06 | Friday / / | Friday / / |
|---|---|---|
| X | | |

| Total of Hours: 4hr 45min | Total of Hours: | Total of Hours: |

Employee Name:

Signature of Supervisor:

Date Turned In:  8/31/06

Comments:

# Time Sheet

Monday 7 /101-06
6:00 - 9:00

Tuesday 7 /11/06
6:00 - 9:00

Wednesday / /

Thursday 7 /13/06
6:00 - 7:00

Friday / /

Total of Hours: 9.0

---

Monday 7 /17/ 06
6:00 - 9:00

Tuesday 7 /18/ 06
6:00 - 9:00

Wednesday / /

Thursday 7 /20/ 06
6:00 - 9:00

Friday / /

SATURDAY /7/22/06
11:00 - 1:00

Total of Hours: 19.0

---

Monday 7 /24/06
6:00 - 9:00

Tuesday 7 /25/06
6:00 - 9:00

Wednesday / /

Thursday 7 /27/ 06
6:00 - 7:00

Friday / /

Total of Hours: 9.0

---

Employee Name: Chitten Lovejoy

Signature of Supervisor:

Date Turned In: Aug. 3, 06

Comments: $35 per hr. = $1330.00 - $20 = $1310.00
x 38 hrs.

$25 per hr. = $950.00
x 38 hrs.

PLAINTIFF'S EXHIBIT

# Time Sheet

| Monday 7 /31/ 06 | Monday / / | Monday / / |
|---|---|---|
| 6:00 - 9:00 | | |
| Tuesday 8 /1/ 06 | Tuesday / / | Tuesday / / |
| 6:00 - 9:00 | | |
| Wednesday / / | Wednesday / / | Wednesday / / |
| ~~Thursday 8 /3/ 06~~ | Thursday / / | Thursday / / |
| ~~6:00 - 9:00~~ | | |
| Friday / / | Friday / / | Friday / / |

| Total of Hours: 9.0 | Total of Hours: | Total of Hours: |
|---|---|---|

Employee Name: Clifton Lovejoy

Signature of Supervisor:

Date Turned In: Aug 3, 06

Comments:

# Time Sheet

| | | |
|---|---|---|
| ...day 8 17 1 06 :00 - 9:00 | Monday 8 14 1 06 6:00 - 9:00 | Monday 8 121 06 6:00 - 9:00 |
| ...sday 8 18 06 ...0 - 9:00 | Tuesday 8 115 1 06 6:00 - 9:00 | Tuesday 8 1221 06 6:00 - 9:00 |
| ...nesday / / | Wednesday / / | Wednesday / / |
| ...sday 8 1101 06 :00 - 9:00 | Thursday 8 171 06 6:00 - 9:00 | Thursday 8 1241 06 6:00 - 9:00 |
| ...y / / | Friday / / | Friday / / SATURDAY 8 - 261 06 11:00 - 1:00 |
| of Hours: 9.0 | Total of Hours: 9.00 | Total of Hours: 11.0 |

...ee Name: Clifton Humphy

...ure of Supervisor:

...urned In: August 31, 2006

...ents:                                              38.0

$25 per hr. 38 hrs. X 38 = $1,330 - 20 - 1310

$25 per hr. 38 hrs. X 25.00   $950.00

# Time Sheet

| ...lay _8 128 06_ | Monday  /  / | Monday  /  / |
|---|---|---|
| )0 - 9:00 | | |
| | | |
| ...day _8 129 06_ | Tuesday  /  / | Tuesday  /  / |
| 00 - 8:30 | | |
| | | |
| ...nesday  / · / | Wednesday  /  / | Wednesday  /  / |
| | | |
| ...sday _8 131 06_ | Thursday  /  / | Thursday  /  / |
| :00 - 9:00 | | |
| | | |
| ...y  /  / | Friday  /  / | Friday  /  / |
| | | |

| l of Hours: _9.0_ | Total of Hours: | Total of Hours: |

...loyee Name: _Clifton Lovejoy_

...ature of Supervisor:

...Turned In: _August 31, 2006_

...ments:

# Time Sheet

| | | |
|---|---|---|
| ...day 07/24/06 | Monday 07/31/06 | Monday  /  / |
| o- 01 pm | 6-9 pm | |
| | | |
| ...sday 07/25/06 | Tuesday 08/01/06 | Tuesday  /  / |
| o-9 pm | 6-9 pm | |
| | | |
| ...nesday  /  / | Wednesday  /  / | Wednesday  /  / |
| | | |
| ...rsday 07/27/06 | Thursday 08/03/06 | Thursday  /  / |
| o-9 pm | 6-9 pm | |
| | | |
| ...ay  /  / | Friday  /  / | Friday  /  / |
| | | |
| ...l of Hours: 9.00 | Total of Hours: 9.00 | Total of Hours: |

...loyee Name: Tiffani Saunders

...ature of Supervisor:

...e Turned In:    8/3/06

...ments:



# Time Sheet

| Monday 09 /28 /06 | Monday / / | Monday / / |
|---|---|---|
| 6-9 pm | | |

| Tuesday 09 /29 /06 | Tuesday / / | Tuesday / / |
|---|---|---|
| 6-9 pm | | |

| Wednesday / / | Wednesday / / | Wednesday / / |
|---|---|---|

| Thursday 09 /31 /06 | Thursday / / | Thursday / / |
|---|---|---|
| 6-9 pm | | |

| Friday / / | Friday / / | Friday / / |
|---|---|---|

| Total of Hours: 9.00 | Total of Hours: | Total of Hours: |
|---|---|---|

Employee Name: Tiffani Saunders

Signature of Supervisor:

Date Turned In: 8/31/06

Comments:

# Time Sheet

| nday 07 / 10 / 06 | Monday 07 / 17 / 06 | Monday 07 / 24 / 06 |
|---|---|---|
| 6-9 pm  90 00 | 6-9 pm  90 00 | 6-9 pm  90 00 |
| usday 07 / 11 / 06 | Tuesday 07 / 18 / 06 | Tuesday 07 / 25 / 06 |
| 6-9 pm  90 00 | 5-9 pm  120 00 | 6-9 pm  90 00 |
| dnesday  /  / | Wednesday  /  / | Wednesday  /  / |
| ursday 7/13/06 | Thursday 07/20/06 | Thursday 07/27/06 |
| 6-9 pm  90 00 | 6-9 pm  90 00 | 6-9 pm  90 00 |
| day  /  / | Friday  /  / | Friday  /  / |
| al of Hours: 9 | Total of Hours: 10 | Total of Hours: 9 |
| 270 00 | 300 00 | 270 00 |

ployee Name: Ronald R. Spencer, SL

nature of Supervisor:

e Turned In:

nments:  # 1610 00  t... ... ... July

Total outstanding due for two ...

$ 2190 00

PLAINTIFF'S
EXHIBIT
cobbler

# Time Sheet



| nday 07/31/06 | Monday / / | Monday / / |
|---|---|---|
| 6-9 pm 90⁰⁰ | | |
| esday 08/01/06 | Tuesday / / | Tuesday / / |
| 6-9 pm 90⁰⁰ | | |
| ednesday / / | Wednesday / / | Wednesday / / |
| ursday 08/03/06 | Thursday / / | Thursday / / |
| 6-9 pm 90⁰⁰ | | |
| iday / / | Friday / / | Friday / / |

| otal of Hours: 9 | Total of Hours: | Total of Hours: |
|---|---|---|
| 270⁰⁰ | | |

mployee Name: Ronald R. Spencer, Sr.

gnature of Supervisor:

ate Turned In:

omments: $110⁰⁰ total due in July

# Time Sheet

| Monday 08 / 07 / 06 | Monday 08 / 14 / 06 | Monday 08 / 21 / 06 |
|---|---|---|
| 6 - 9 pm | 6 - 9 pm | 6 - 9 pm |
| **Tuesday** 08 / 08 / 06 | **Tuesday** 08 / 15 / 06 | **Tuesday** 08 / 22 / 06 |
| 6 - 9 pm | 6 - 9 pm | 6 - 9 pm |
| **Wednesday** / / | **Wednesday** / / | **Wednesday** / / |
| **Thursday** 08 / 10 / 06 | **Thursday** 08 / 17 / 06 | **Thursday** 08 / 24 / 06 |
| 6 - 9 pm | 6 - 9 pm | 6 - 9 pm |
| **Friday** / / | **Friday** / / | **Friday** / / |
| Total of Hours: 9.00 | Total of Hours: 9.00 | Total of Hours: 9.0 |

| | |
|---|---|
| Employee Name: | Tiffani Saunders |
| Signature of Supervisor: | |
| Date Turned In: | 8/31/06 |

Comments:

# Time Sheet

| | | |
|---|---|---|
| onday 8/28/06 | Monday / / | Monday / / |
| 6-9 pm 90⁰⁰ | | |
| esday 8/29/06 | Tuesday / / | Tuesday / / |
| 6-9 pm 90⁰⁰ | | |
| ednesday 8/30/06 | Wednesday / / | Wednesday / / |
| ursday 8/31/06 | Thursday / / | Thursday / / |
| 6-9 pm 90⁰⁰ | | |
| lay 9/01/06 | Friday / / | Friday / / |

al of Hours: 9
270⁰⁰

Total of Hours:

Total of Hours:

loyee Name: Ronald R. Spencer, Sr.

ature of Supervisor:

Turned In: 8-31-06

nents: 41080⁰⁰ total due in Aug

# Time Sheet

| day 08/07/06 | Monday 08/14/06 | Monday 08/21/06 |
|---|---|---|
| 6-9 pm 90⁰⁰ | 6-9 pm 90⁰⁰ | 6-9 pm 90⁰⁰ |
| day 08/08/06 | Tuesday 08/15/06 | Tuesday 08/22/06 |
| 6-9 pm 90⁰⁰ | 6-9 pm 90⁰⁰ | 6-9 pm 90⁰⁰ |
| nesday / / | Wednesday / / | Wednesday / / |
| | | |
| sday 08/10/06 | Thursday 08/17/06 | Thursday 08/24/06 |
| 6-9 pm 90⁰⁰ | 6-9 pm 90⁰⁰ | 6-9 pm 90⁰⁰ |
| ay / / | Friday / / | Friday / / |
| | | |
| Total of Hours: 9  270⁰⁰ | Total of Hours: 9  270⁰⁰ | Total of Hours: 9  270⁰⁰ |

| loyee Name: | Ronald R. Sparcy Sr. |
|---|---|
| nature of Supervisor: | |
| e Turned In: | 8-31-06 |

ments: $1080⁰⁰ total due in this

# Time Sheet

**Monday** 8 / 7 / 06

◯

**Tuesday** 8 / 8 / 06

◯

**Wednesday** 8 / 9 / 06

◯

**Thursday** 8 / 10 / 06

◯

**Friday** 8 / 11 / 06

◯

**Total of Hours:** 2

---

**Monday** 8 / 14 / 06

◯

**Tuesday** 8 / 15 / 06

◯

**Wednesday** 8 / 16 / 06

◯

**Thursday** 8 / 17 / 06

9:00am – 3
12:00pm

**Friday** 8 / 18 / 06

**Total of Hours:** 3

---

**Monday** 8 / 21 / 06

◯

**Tuesday** 8 / 22 / 06

◯

**Wednesday** 8 / 23 / 06

◯

**Thursday** 8 / 24 / 06

9:00 – 12:00 pm

**Friday** 8 / 25 / 06

**Total of Hours:** 3

---

**Employee Name:** Melissa L. Turner

**Signature of Supervisor:**

**Date Turned In:** 8-31-06

◯

**Comments:**

PLAINTIFF'S
EXHIBIT

K

## Time Sheet

| day  8/28/06 | Monday    /    / | Monday    /    / |
|---|---|---|
| *(circle mark)* | | |
| sday  8/29/06 | Tuesday    /    / | Tuesday    /    / |
| *(circle mark)* | | |
| dnesday 8/30/06 | Wednesday    /    / | Wednesday    /    / |
| *(circle mark)* | | |
| rsday 8/31/06 | Thursday    /    / | Thursday    /    / |
| 8am - 9am court house | | |
| day  9/1/06 | Friday    /    / | Friday    /    / |

| tal of Hours: | | Total of Hours: | Total of Hours: |

ployee Name: Melissa S. Turner

gnature of Supervisor:

te Turned In:  8-31-06

*(handwritten "7 total" with circle)*

mments:

# Time Sheet

| Monday 7 / 10 / 06 | | Monday 7 / 17 / 06 | | Monday 7 / 24 / 06 | |
|---|---|---|---|---|---|
| 8³⁰ to 12³⁰ | 4 | 9⁰⁰ to 12³⁰ | 3.5 p. | 9³⁰ to 12 30 | 3 |
| **Tuesday 7 / 11 / 06** | | **Tuesday 7 / 18 / 06** | | **Tuesday 7 / 18 / 06** | |
| 8³⁰ to 12³⁰ | 4 | 9⁰⁰ to 1⁰⁰ | 4 | ⬭ CPT training @ ECMH | |
| **Wednesday 7 / 12 / 06** | | **Wednesday 7 / 19 / 06** | | **Wednesday 7 / 26 / 06** | |
| ⬭ | | ⬭ | | ⬭ | |
| **Thursday 7 / 13 / 06** | | **Thursday 7 / 20 / 06** | | **Thursday 7 / 27 / 06** | |
| 9³⁰ to 1⁰⁰ | 3.5 | 9³⁰ 1⁰⁰ | 3.5 | ⬭ Ortho appt w/ Dr. Brand | |
| **Friday 7 / 14 / 06** | | **Friday 7 / 21 / 06** | | **Friday 7 / 28 / 06** | |
| ⬭ | | ⬭ Saturday 7/22/06 12:30-1:30 | | ⬭ | |
| **Total of Hours: 11.5** | | **Total of Hours: 12** | | **Total of Hours: 3** | |

**Employee Name:** Melissa L. Turner

**Signature of Supervisor:**

**Date Turned In:**

⬭ 26.5

**Comments:**

# Time Sheet

| day 9/3/00 | | Monday / / | Monday / / |
|---|---|---|---|
| 15- 12:15 | 3 | | |
| sday 8/1/00 | | Tuesday / / | Tuesday / / |
| :30 - 12:30 | 3 | | |
| dnesday 8/2/00 | | Wednesday / / | Wednesday / / |
| O | | | |
| ursday 8/3/00 | | Thursday / / | Thursday / / |
| 7:30 - 12:00 | 2.5 | | |
| iday 8/4/00 | | Friday / / | Friday / / |
| O | | | |

| otal of Hours: 8.5 | Total of Hours: | Total of Hours: |
|---|---|---|

mployee Name: *Melissa L. Turner, AC*

ignature of Supervisor:

ate Turned In:

(35)

35 X 25 = 875

Comments:

## CHANGE OF OWNERSHIP
### ANGELS OUTREACH OUTPATIENT

I, Tiffany C. Smith, do hereby transfer ownership of Angels Outreach Outpatient to Debra T. Smith-Matfield of Assistance In Recovery, Inc. I hereby forego all rights associated with Angels Outreach Outpatient. This acquisition is at no cost to Debra T. Smith-Matfield. All furnishing, machinery, etc. located at Angels Outreach Outpatient is hereby donated. This transfer is to become effective September 5, 2006.


_____
Tiffany C. Smith


_____
Debra T. Smith-Matfield


EXHIBIT
_____

# CHANGE OF OWNERSHIP
## ANGELS OUTREACH, LLC

I, Tiffany C. Smith, do hereby transfer ownership of Angels Outreach, LLC to Debra T. Smith (Matfield) of Assistance In Recovery, Inc. I hereby forgo all rights associated with Angels Outreach, LLC. All liabilities prior to the signing of this agreement remain with previous owner. All future liabilities as of the date of signing become that of current owner. This acquisition is at no cost to Debra T. Smith (Matfield). All furnishings, machinery, etc. located at Angels Outreach are at no cost and donated with change of ownership. This transfer is to become effective September 5, 2006.


_____          September 5, 2006
Tiffany C. Smith                                            Date


_____          September 5, 2006
Debra T. Smith (Matfield)                              Date



# CORPORATE DETAILS

## Office of the Secretary of State
## State of Alabama

**INITIATE NEW BROWSE**

```
Company                                        DLL 475-532
  Legal Name:   Angels Outreach, LLC

County Filed:   Montgomery County

Formed Date.:   02-27-2006  Dissolved.: 09-01-2006

Report Date.:   * Not On Data Base

Reg Agent...:   SMITH, TIFFANY COLEMAN
                4468 TROY HWY
                MONTGOMERY, AL  36116

Prin Address:   MONTGOMERY, AL

Offc Of Rec.:   * Not On Data Base

Capital Amt.:   * Not On Data Base

Nat Of Bus..:   CONSULTING SERVICE FOR EVALUATING CLIENTS/OUT PATIENT TREATMENT

Members.....:   SPENCER, RONALD R SR
```

**TRANSACTION LIST**        **VIEW DOCUMENTS**

**\* Images are only available to the general public on the public viewing stations.**
**They are not available on the website.**





© 2007, Office of the Secretary of State, State of Alabama

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHANNON FOSTER; | ) | |
| CLIFTON LOVEJOY; | ) | |
| TIFFANI SAUNDER; | ) | |
| RONALD SPENCER; and | ) | |
| MELISSA TURNER | ) | |
|      PLAINTIFFS | ) | |
| | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-CV-980** |
| | ) | |
| **v.** | ) | |
| | ) | |
| TIFFANY COLEMAN SMITH, | ) | |
|      DEFENDANT/THIRD | ) | |
|      PARTY PLAINTIFF | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| DEBRA T. SMITH-MATFIELD | ) | |
|      THIRD PARTY | ) | |
|      DEFENDANT/ | ) | |
|      COUNTERCLAIM | ) | |
|      PLAINTIFF | ) | |

## THIRD PARTY DEFENDANT'S FIRST REQUESTS FOR ADMISSION

Pursuant to Rule 36, <u>Federal Rules of Civil Procedure</u>, Debra T. Smith-Matfield

hereby serves the following requests for admission upon Tiffany Coleman Smith.

## INSTRUCTIONS

Pursuant to Rule 36, <u>Federal Rules of Civil Procedure</u>, Each admission is set

forth separately. Each matter set forth below is admitted unless, within 30 days after

service of the request, you serve upon the party requesting the admission a written answer

or objection addressed to the matter, signed by you or by your attorney. If objection is

made, you must specifically state the reasons for the objection. Your answer shall

specifically deny the matter or set forth in detail the reasons why you cannot truthfully

admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the request. If the requested admission presents a genuine issue for trial you may not, on that ground alone, object to the request but may deny the matter or set forth reasons why you cannot admit or deny it.

## REQUESTS FOR ADMISSION

Third Party Defendant Debra T. Smith-Matfield requests Third Party Plaintiff Tiffany Coleman Smith within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial:

**I.      That each of the following documents, exhibited with this request is genuine:**

1.      Exhibit A, "Change of Ownership Angel's Outreach."

         **RESPONSE:**

**II.     Please admit each of the following statements as true:**

1.      Tiffany Coleman Smith signed the document attached as Exhibit A entitled "Change of Ownership Angel's Outreach."

         If you cannot admit this request in its entirety, please state all facts upon which you base your denial or partial denial.

         **RESPONSE:**

2.    On or around September 1, 2006, Angel's Outreach, LLC was dissolved by

Tiffany Coleman Smith.

If you cannot admit this request in its entirety, please state all facts upon which

you base your denial or partial denial.

**RESPONSE:**

3.    Tiffany Coleman Smith was the registered agent for Angel's Outreach, LLC.

If you cannot admit this request in its entirety, please state all facts upon which

you base your denial or partial denial.

**RESPONSE:**

4.    Tiffany Coleman Smith made an offer to Debra T. Smith-Matfield to transfer

ownership of Angel's Outreach, LLC.

If you cannot admit this request in its entirety, please state all facts upon which

you base your denial or partial denial.

**RESPONSE:**

5.    Angel's Outreach, LLC was formed as a for-profit business by registered agent

Tiffany Coleman Smith.

If you cannot admit this request in its entirety, please state all facts upon which

you base your denial or partial denial.

**RESPONSE:**

Done this the 26th day of June, 2007.

_Matthew P. Teague_
Matthew P. Teague (TEA010)
Attorney for Debra T. Smith-Matfield

Of Counsel:

Matthew P. Teague, Esq.

138 Adams Avenue, Second Floor, Suite 3
Post Office Box 586
Montgomery, AL 36101
(334) 834-4500 (Telephone)
(334) 834-4500 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007, I hereby certify a copy of the foregoing

document has been served on the parties below by placing the same in the U.S. Mail,

postage prepaid and addressed as shown below.

Tiffany Coleman Smith
8901 Glen Rose Way
Montgomery, AL 36117

Matthew P. Teague (TEA010)

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| SHANNON FOSTER; | ) |
| CLIFTON LOVEJOY; | ) |
| TIFFANI SAUNDER; | ) |
| RONALD SPENCER; and | ) |
| MELISSA TURNER | ) |
|     PLAINTIFFS | ) |
| | )    **CIVIL ACTION NO:** |
| | )    **2:06-CV-980** |
| | ) |
|    **v.** | ) |
| | ) |
| TIFFANY COLEMAN SMITH, | ) |
|    DEFENDANT/THIRD | ) |
|    PARTY PLAINTIFF | ) |
| | ) |
|    **v.** | ) |
| | ) |
| DEBRA T. SMITH-MATFIELD | ) |
|    THIRD PARTY | ) |
|    DEFENDANT/ | ) |
|    COUNTERCLAIM | ) |
|    PLAINTIFF | ) |

## AFFIDAVIT OF DEBRA T. SMITH-MATFIELD

I, DEBRA T. SMITH-MATFIELD, under penalty of perjury, do hereby swear and affirm under oath the facts set forth below are true and accurate based on my personal knowledge and belief:

1.     My name is Debra T. Smith-Matfield.

2.     I am over the age of nineteen (19) years and reside in Montgomery County, Alabama.

3.     The facts sworn to in this affidavit are based on my personal knowledge.

4.     On September 2, 2006, Tiffany Coleman Smith (hereinafter "Ms. Smith"), the named Defendant/Third Party Plaintiff in the above entitled matter, approached me with

an offer to purchase a business operated under the trade name of Angel's Outreach, LLC, a substance abuse treatment facility.

5.     Prior to engaging me with this offer, Ms. Smith and I had worked together on a limited referral basis wherein I provided housing and other services to Angel's Outreach, LLC.

6.     Ms. Smith represented that she was the owner and manager of Angels Outreach, LLC.

7.     Ms. Smith represented to me that Angel's Outreach was a viable, continuing business enterprise with the facilities, licenses, clientele and employees such that little if any additional effort would be required for its continued operation.

8.     Ms. Smith stated to me that she was suffering from an illness which she identified as cancer and informed me she would be unable to continue to perform her duties as owner and manager of Angels Outreach, LLC.

9.     I agreed in principle to assume ownership and control of Angels Outreach, LLC, based on the representations set forth in paragraphs 7 and 8 above.

10.     On September 5, 2006, Ms. Smith and I entered into our first contractual agreement entitled "Change of Ownership Angels Outreach, LLC" (hereinafter "First Contract") that set forth the terms of our agreement.

11.     After signing this First Contract, I applied for a business loan for Angels Outreach, LLC and was told by the lender that said loan would not be approved unless I could show proof that I, as the new owner of Angels Outreach, LLC, would not be assuming responsibilities for any liabilities incurred by the prior owners.

12.     After reviewing the potential prior liabilities of Angels Outreach, LLC, I verbally requested that Ms. Smith agree in writing to assume responsibility for all debts and liabilities incurred prior to September 5, 2006, the date of the transfer of ownership.

13.     Ms. Smith verbally agreed to assume responsibility for all debts and liabilities incurred prior to the transfer of ownership, September 5, 2006.

14.     On September 8, 2006, Ms. Smith and I signed a subsequent agreement entitled "Change of Ownership Angels Outreach, LLC" (hereinafter "Second Contract").

15.     The Second Contract specifically incorporated the agreement that "All liabilities prior to the signing of this agreement remain with previous owner."

16.     Ms. Smith signed this Second Contract without objection in her capacity as the previous owner of Angels Outreach, LLC.

17.     Shortly after taking possession of Angels Outreach, LLC, I learned that Angels Outreach, LLC had been dissolved on September 1, 2006.

18.     Ms. Smith never informed me of the dissolution of Angels Outreach, either prior to or subsequent to our contractual negotiations or the signing of the First or Second Contract.

19.     The language of the First and Second Contract state my understanding of the agreement I reached with Ms. Smith to assume control and ownership of Angels Outreach, LLC, as a fully formed business entity and for this reason Ms. Smith and I incorporated the phrase "I, Tiffany Coleman Smith, do hereby transfer ownership of Angels Outreach, LLC to Debra T. Smith (Matfield)."

20.     The language of the First and Second Contract reflects the representations of Ms. Smith that I acquire ownership of Angels Outreach, LLC as a business entity; this is

further supported by the fact that the First and Second Contract each have a separate provision regarding the transfer of "furnishings, machinery, etc. located at Angels Outreach."

21.     As part of the transfer of ownership of Angels Outreach, LLC, I assumed custody and control of all licenses and certificates issued to Angels Outreach, LLC by the Alabama Board of Mental Health and the Alabama Board of Nursing; I do not have possession, custody or control of any licenses or certifications issued by the Alabama Board of Mental Health and the Alabama Board of Nursing to Ms. Smith individually or in a personal capacity.

22.     The licenses and certificates issued to Angels Outreach, LLC by the Alabama Board of Mental Health and the Alabama Board of Nursing were nullified by the dissolution of Angels Outreach, LLC.

23.     Because Angels Outreach was dissolved and the licenses and certificates were nullified, I was not able to transact any business as Angels Outreach, LLC.

24.     I incurred unexpected and substantial costs associated with reincorporating the former Angels Outreach, LLC into a new business entity known as Angels Outreach Outpatient, Inc.

25.     I incurred unexpected and substantial costs associated with the new applications for Angels Outreach Outpatient, LLC from Alabama Board of Mental Health and the Alabama Board of Nursing.

26.     I am the owner/operator of Dee's Clear Advantage Tax Services, a sole proprietorship licensed to do business in Montgomery County, Alabama.

27.     In my capacity as Dee's Clear Advantage Tax Services, I prepared tax and payroll information for Angels Outreach, LLC during the time it was owned and/or operated by Ms. Smith.

28.     Each and every tax and/or payroll calculation I prepared for Angels Outreach, LLC was provided to Ms. Smith in a timely manner.

29.     Neither I nor Dee's Clear Advantage Tax Services retain any tax or payroll information for Ms. Smith that has not been previously provided to her.

30.     Shortly after assuming ownership and control of the former Angel's Outreach, LLC, Dee's Clear Advantage Tax Services ceased performing any tax or payroll work for Ms. Smith and as such have no tax records to provide to her.

31.     As a result of the above-referenced litigation, I have incurred ongoing attorney's fees, costs, and expenses associated with defending the Third Party Complaint filed by Tiffany Coleman Smith.

Further the affiant says not.

Signed on this the 4th day of September, 2007.


**/s/ Debra T. Smith-Matfield**_____
Debra T. Smith-Matfield
Affiant

**Subscribed and sworn to** before me on this the 4th day of September, 2007.


**/s/ Matthew P. Teague**_____
NOTARY PUBLIC

My Commission Expires:  July 26, 2011___

RECEIVED

FOR THE MIDDLE DISTRICT OF ALABAMA 2006 NOV 27 ⊃ 3: 48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

SHANNON FOSTER; CLIFFTON LOVEJOY;
TIFFANI SAUNDER; RONALD SPENCER;
and MELISSA TURNER,

                Plaintiff,

vs.

                                      Civil Action No.: 2:06CV980-10

TIFFANY COLEMAN SMITH,

                Defendant – Third-Party
                Plaintiff

v.

DEBRA T. SMITH-MATFIELD,

                Third-Party Defendant.

## THIRD PARTY COMPLAINT

COMES NOW, the defendant - third-party plaintiff, Tiffany Coleman Smith, (hereafter, third party plaintiff) against the above-captioned third-party defendant, Debra T. Smith-Matfield and would show unto the Court as follows:

## FACTS

1. Third-party plaintiff avers that the third-party defendant drafted a document titled "Change of Ownership Angel's Outreach Outpatient" which was signed, by third-party plaintiff and the third-party defendant. (See attached Exhibit)

2. Third-party plaintiff avers that the document indicated, "This transfer is to become effective September 5, 2006."

3. Third-party plaintiff avers that the third-party defendant collected payments from the outreach clients on September 5th .

4. Third-party plaintiff avers that payment collected by the third-party defendant was sufficient to satisfy the July payroll.

5. Third-party plaintiff avers she was informed by her former employees that they had not been paid and that she contacted the third-party defendant in regards to the non-payment issue.

6. Third-party plaintiff avers that the third-party defendant did not respond to the issue of the non-payment.

COUNT 1.

7. The third-party plaintiff hereby incorporates and realleges paragraphs 1 through 6 for purposes of this complaint.

8. At the time that the third-party plaintiff and the third-party defendant executed the "Change of Ownership Angel's Outreach Outpatient" document the third-party defendant represented to the third-party plaintiff that she would pay the employees of Angel's Outreach.

9. The representation made by the third-party defendant was false.

10. The third-party plaintiff believed the representations and in reliance upon them transferred the ownership of Angel's Outreach to the third-party defendant.

WHEREFORE, the third-party plaintiff prays judgment against third-party defendant for all or part of any sums that may be adjudged against third-party plaintiff in favor of plaintiffs or any plaintiff and for all costs and attorney fees incurred by third-party plaintiff in defending herself against the principal complaint herein.

## COUNT II

11. The third-party plaintiff hereby incorporates and realleges paragraphs 1 through 6 for purposes of this complaint.

12. The third-party plaintiff avers that the third-party defendant drafted a document titled "Change of Ownership Angel's Outreach Outpatient" which was signed, by the third-party plaintiff and the third-party defendant with the transfer to become effective September 5, 2006 and implicit in the agreement was that the third-party defendant would assume all ownership responsibilities.

13. The third-party plaintiff avers that the third-party defendant breached the agreement by failing to pay the employees of Angel's Outreach, LLC.

Wherefore third party plaintiff prays judgment against third-party defendant in the sum of $25,000.00 dollars, and costs and judgment against third-party defendant for all or part of any sums that may be adjudged against third-party plaintiff in favor of plaintiffs or any plaintiff and for all costs and attorney fees incurred by third-party plaintiff in defending herself against the principal complaint herein.

## COUNT II

14. Third-Party Plaintiff avers that the Angel's Outreach program required certifications from the State of Alabama Mental Health and the Alabama Board of Nursing.

15. Third-Party Plaintiff avers that she made several requests to the third-party defendant for release of the two certifications to her because she is no longer involved in the business, and she has not returned the certificates to her.

16. Third-Party Plaintiff avers that the third-party defendant also has failed to provide tax information relating to the payment of State and Federal employees taxes.

WHEREFORE, the third-party plaintiff prays that the third-party defendant be ordered to return the certificates to her, to provide her with all information relating to the payment of State and Federal employees taxes, and for any such further relief that this Court may deem appropriate.

Respectfully submitted,

Tiffany Coleman Smith, Pro Se
8901 Glen Rose Way
Montgomery, AL 36117

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to the Attorney for plaintiff by mailing a copy of the same postage prepaid and properly addressed on this the 27th day of November  2006 and was served on the third party defendant pursuant to the Federal Rules of Civil Procedure.

Tiffany Coleman Smith

The Hon. William R. Davis
Davis & Herrington, L.L.C.
Park Place Center
8650 Minnie Brown Road, Suite 150
Montgomery, AL 36117