## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

SHANNON FOSTER;       )
CLIFTON LOVEJOY;       )
TIFFANI SAUNDER;       )
RONALD SPENCER; and       )
MELISSA TURNER       )
        PLAINTIFFS       )
                       )    CIVIL ACTION NO:
                       )    2:06-CV-980
                       )
       v.                 )
                       )
TIFFANY COLEMAN SMITH,       )
        DEFENDANT/THIRD       )
        PARTY PLAINTIFF       )
                       )
       v.                 )
                       )
DEBRA T. SMITH-MATFIELD       )
        THIRD PARTY       )
        DEFENDANT/       )
        COUNTERCLAIM       )
        PLAINTIFF       )

### DEBRA T. SMITH-MATFIELD'S BRIEF IN SUPPORT OF SUMMARY JUDGMENT

COMES NOW, Third Party Defendant Debra T. Smith-Matfield, pursuant to Rule 56, Federal Rules of Civil Procedure, and files this Brief in Support of her Motion for Summary Judgment and in support thereof states the following:

## I.    INTRODUCTION/NARRATIVE SUMMARY

Tiffany Coleman Smith's Third Party Complaint seeks relief to which Ms. Smith is not entitled.  Prior to September 5th, 2006, Ms. Smith owned, operated, and/or managed Angels Outreach, LLC.  In the months of July and August, 2006, Ms. Smith failed to pay wages to certain employees. Those employees sued her for those wages and Ms. Smith in

turn sued Ms. Matfield, the subsequent and current owner of the business formerly known as Angels Outreach, LLC, to reimburse or indemnify her for those employees' unpaid wages. Ms. Matfield contracted to retain responsibility for all liabilities arising prior to September 5th, 2006, which necessarily includes those unpaid wages from July and August, 2006. These facts are undisputed, thereby preventing Ms. Smith from recovering said unpaid wages from Ms. Matfield and entitling Ms. Matfield to summary judgment on all claims set forth in the Third Party Complaint.

## II.    UNDISPUTED FACTS SUPPORTING SUMMARY JUDGMENT

1.    On September 2nd, 2006, Third Party Plaintiff Tiffany Coleman Smith (hereinafter "Ms. Smith"), as owner of Angels Outreach, LLC, made an offer to Debra T. Smith-Matfield (hereinafter "Ms. Matfield") to transfer ownership of Angels Outreach, LLC.  See Exhibit G, ¶ 4 & 6.

2.    Ms. Matfield accepted Ms. Smith's offer based on Ms. Smith's representations that Angels Outreach, LLC was a continuing business entity, that Ms. Smith suffered from cancer and could no longer manage Angels Outreach, LLC, and because Ms. Smith and Ms. Matfield had previously worked together in a limited capacity.  See Exhibit G, ¶'s 5-9.

3.    On September 5th, 2006, Ms. Smith and Ms. Matfield signed and executed a contract setting forth the terms of their agreement and designated the contract as "Change of Ownership Angels Outreach LLC" (hereinafter "First Contract"). See Exhibit C.

4.    After signing this First Contract, Ms. Matfield applied for a business loan for Angels Outreach, LLC and was told by the lender that said loan would not be approved unless I could show proof that I, as the new owner of Angels Outreach, LLC, would not

be assuming responsibilities for any liabilities incurred by the prior owners. See Exhibit G, ¶ 11.

5.     After reviewing the potential prior liabilities of Angels Outreach, LLC, I verbally requested that Ms. Smith agree in writing to assume responsibility for all debts and liabilities incurred prior to September 5, 2006, the date of the transfer of ownership.  See Exhibit G, ¶ 12.

6.     Ms. Smith agreed to enter into a subsequent agreement defining each party's liabilities for prior and future liabilities. See Exhibit G, ¶ 13.

6.     On September 5th, 2006, Ms. Smith and Ms. Matfield signed and executed a second and subsequent contract setting forth the terms of their agreement also designated as "Change of Ownership Angels Outreach LLC" (hereinafter "Second Contract"). See Exhibit E; see also Exhibit G, ¶ 14.

7.     The Second Contract specifically states that "[a]ll liabilities prior to the signing of this agreement remain with previous owner."  See Exhibit D, Lines 3 & 4.

8.     Ms. Smith admitted the Second Contract is genuine. See Exhibit F, I-1.

9.     Ms. Smith admitted she signed the Second Contract. See Exhibit F, II-1.

10.     On October 31, 2006, Shannon Foster, Clifton Lovejoy, Tiffani Saunders, Ronald Spencer and Melissa Turner (hereinafter referred to collectively as "Plaintiffs") filed a Complaint against Tiffany Coleman Smith alleging "Plaintiffs performed work […] for Defendants [Tiffany Coleman Smith and Angels Outreach, LLC] in the months of July and August of this year yet Defendants failed to pay Plaintiffs their earned wages."  See Exhibit A, ¶ 10.

11.     Plaintiffs did not sue or seek to recover these wages from Ms. Matfield. See Exhibit A.

12.     Plaintiffs produced affidavits and timesheets setting forth the hours worked and the amount of wages owed to them.  See Exhibit B collectively.

13.     Each of the Plaintiff's timesheets and affidavits reflects wages earned prior to September 5, 2006.  See Exhibit B collectively.

14.     On or around November 27, 2006, Ms. Smith filed a Third Party Complaint against Ms. Matfield seeking indemnity from the Plaintiffs claims and assigning liability for the Plaintiffs' claims to Ms. Matfield.  See Exhibit H, Counts I & II, ¶'s 7-13.

15.     Ms. Matfield hereby incorporates by reference the language, statements and facts set forth in Exhibits C-G as if fully set forth herein.

**III.     ARGUMENT - MS. MATFIELD IS ENTITLED TO SUMMARY JUDGMENT ON COUNTS I & II OF THE THIRD PARTY COMPLAINT**

**A.     PURSUANT TO THE LAW OF CONTRACTS, THE SECOND CONTRACT GOVERNS THE TRANSFER OF OWNERSHIP OF ANGELS OUTREACH, LLC.**

The requisite elements of a valid contract include an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract.  Hunter v. Wilshire Credit Corp., 927 So.2d 810 (Ala.2005).  "Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract." Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala.2000). Unambiguous contracts, or contracts susceptible of only one reasonable meaning, carry a presumption that the parties intended what they stated and the court will enforce the contract as written.  Id.

When parties execute successive agreements and the "two agreements cover the same subject matter and include inconsistent terms, the later agreement supersedes the earlier agreement." Cavalier Mfg., Inc. v. Clarke, 862 So.2d 634, 641 (Ala.2003) (citing CMI Int'l, Inc. v. Intermet Int'l Corp., 251 Mich.App. 125, 130, 649 N.W.2d 808, 812 (2002)). Further, "it is not always necessary for a later contract to contain an integration clause in order for this later contract to supersede an earlier contract." Id. (quoting Archambo v. Lawyers Title Ins. Corp., 466 Mich. 402, 414 n. 16, 646 N.W.2d 170, 177 n. 16 (2002)).

In Hunter, supra, the purchasers of a home made a counter-offer to the seller of the home. The buyers counter offer included new and additional terms not contained in the original contract but the subject of the successive contract, the purchase of the home, remained the same. The sellers moved for summary judgment in their favor based on the enforcement of the terms of the counter offer and the trial court granted their motion. The Alabama Supreme Court affirmed the trial court's order entering summary judgment based on the holding in Cavalier Mfg., supra, wherein it was held that parties executing successive agreements covering the same subject matter but including inconsistent terms said contracts must be interpreted such that "the later agreement supersedes the earlier agreement." Hunter, at 814.

## B.    APPLICATION/ANALYSIS OF THE LAW AND UNDISPUTED FACTS

Undisputed is the fact that Ms. Smith and Ms. Matfield executed successive contracts governing the exact same subject matter, namely the transfer of ownership of Angles Outreach, LLC. See Exhibits C & D. The First and Second Contract bear the exact same designation, "Change of Ownership Angels Outreach LLC." See Exhibits C

& D.  Further, the First and Second Contract bear the exact same language except for the following clauses found in the Second Contract,

> "All liabilities prior to the signing of this agreement remain with previous owner. All future liabilities as of the date of signing become that of current owner."

See Exhibit D, Lines 3 & 4.  Enforcing the First and Second Contract as written, there is no intelligent interpretation disputing that the First and Second Contract cover the same subject matter.  Homes of Legend, Inc., supra.  Therefore, the later agreement, the Second Contract, supersedes the earlier agreement, the First Contract.  See Cavalier Mfg., Inc. v. Clarke, 862 So.2d at 641.

The Second Contract's clear and unambiguous language must be enforced as a superseding contract.  Cavalier Mfg., Inc., supra.  The Second Contract states the previous owner, Ms. Smith, is responsible for liabilities occurring prior to September 5th, 2006.  Exhibit D, Lines 3 & 4.  Included among those prior liabilities are the Plaintiffs' claims for wages earned but not paid during the months of July and August, 2006.  See Exhibits A & B.

Ms. Smith's Third Party Complaint, Counts I and II, seeks recovery for those wages from Ms. Matfield.  See Exhibit H, Counts I & II.  The undisputed facts and the law demonstrate Ms. Matfield is not responsible for the Plaintiff's unpaid wages and further show Ms. Smith is responsible for the Plaintiff's unpaid wages earned prior to September 5th, 2006.  Exhibit D, Lines 3 & 4.  Therefore, Ms. Matfield is entitled to an entry of summary judgment on Counts I and II of Ms. Smith's Third Party Complaint.

**IV.    ARGUMENT - MS. MATFIELD IS ENTITLED TO SUMMARY JUDGMENT ON COUNT III (LABELED IN COMPLAINT AS A SECOND COUNT II) OF THE THIRD PARTY COMPLAINT**.

**A.    UNAMBIGOUS CONTRACTS MUST BE ENFORCED AS WRITTEN**

"Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract." Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala.2000). Unambiguous contracts, or contracts susceptible of only one reasonable meaning, carry a presumption that the parties intended what they stated and the court will enforce the contract as written. Id.

**B.    ANALYSIS/APPLICATION OF LAW AND FACTS**

In Ms. Smith's Third Party Complaint, there is a Count labeled as Count II (although it is proceeded by a Count II) which will hereinafter be referred to as Count III. Count III specifically requests an Order from this Honorable Court requiring Ms. Matfield to return to Ms. Smith certifications from the State of Alabama Mental Health Board and the Alabama Board of Nursing. See Exhibit H, Count III, ¶ 14 & 15. However, the only certificates in Ms. Matfield's possession are those issued to Angels Outreach, LLC, not to Ms. Smith individually. See Exhibit G, ¶ 21. On September 5th, 2006, Ms. Smith transferred ownership of Angels Outreach, LLC to Ms. Matfield. See Exhibit D. Ms. Smith further agreed to "forgo all rights associated with Angels Outreach, LLC" pursuant to the Second Contract. See Exhibit D, Lines 2 & 3. The plain language of the Second Contract divests Ms. Smith of her rights to demand any Angels Outreach, LLC certificates from Ms. Matfield in her capacity as the new owner of Angels Outreach, LLC. See Exhibit D, Lines 2 & 3. Enforcing the contract as written, it is clear that Ms. Smith cannot demand anything of Angels Outreach, LLC and has no rights to its

certificates, thus entitling Ms. Matfield to summary judgment on this claim. <u>Homes of Legend, Inc. v. McCollough</u>, supra.

Count III additionally states "the third-party defendant also failed to provide tax information relating to the payment of State and Federal employees taxes." Ms. Matfield did prepare tax and payroll calculations for Ms. Smith while Ms. Smith was the owner of Angels Outreach, LLC. See Exhibit G, ¶'s 27 & 28. However, these documents were provided to Ms. Smith upon completion and Ms. Matfield has provided no further tax or payroll calculations on Ms. Smith's behalf. See Exhibit G, ¶'s 29 & 30.

There is no legal or factual reason Ms. Matfield should be allowed to carry Count III forward to trial. Count III is meritless and fails to consider Ms. Smith's own contractual obligation to forgo her rights in Angels Outreach, LLC. Therefore, Ms. Matfield is entitled to an entry of summary judgment on Count III. <u>Fed.R.Civ.Proc.</u>, Rule 56.

## V.    MS. MATFIELD IS ENTITLED TO SUMMARY JUDGMENT IN HER FAVOR FOR COUNT III OF HER COUNTERCLAIM AGAINST MS. SMITH BASED ON THE ALABAMA LITIGATION ACCOUNTABILITY ACT.

## A.    STATUTORY LAW AND CASELAW INTERPRETING THE SAME

The Alabama Litigation Accountability Act ("ALAA") is set forth in § 12-19-270, et seq, <u>Ala.Code (1975)</u>. The purpose of the ALAA, in part, is to award fees and court costs against a party whom brings an action without "substantial justification." See § 12-19-272, <u>Ala.Code (1975)</u>. The applicable provisions of § 12-19-272 state as follows:

> (a) Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein,

or interposed a defense, that a court determines to be without substantial justification, either in whole or part;

(b) When a court determines reasonable attorneys' fees or costs should be assessed it shall assess the payment thereof against the offending attorneys or parties, or both, and in its discretion may allocate among them, as it determines most just, and may assess the full amount or any portion thereof to any offending attorney or party;

(c) The court shall assess attorneys' fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification, or that the action or any part thereof, or any claim or defense therein, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including but not limited to abuses of discovery procedures available under the Alabama Rules of Civil Procedure;

[......]

(e) No party, except an attorney licensed to practice law in this state, who is appearing without an attorney shall be assessed attorneys' fees unless the court finds that the party clearly knew or reasonably should have known that his action, claim or defense or any part thereof was without substantial justification.

The ALAA clearly provides for the specified awards against a pro se party if it can be shown the pro se party knew the claim "or any part thereof was without substantial justification." Id. The holdings of <u>Hall</u> and <u>Cauthen</u>, below, support awarding Ms. Matfield damages, including costs and attorney fees, against Ms. Smith.

In <u>Cauthen v. Yates</u>, 716 So.2d 1256 (Ala.Civ.App.1998), Cauthen, the mother, brought an action for child-support payments against Yates, alleging him to be the father of said child. Despite having knowledge of paternity tests excluding Yates as the father of the child, Cauthen continued to pursue litigation for child support payments against Yates. <u>Id</u>. at 1262. The trial court awarded attorney's fees and costs, based in part on the ALAA, against Cauthen for continuing the litigation despite the biological tests proving

Yates was not the father.  Id.  In affirming the award, the Alabama Court of Civil Appeals reaffirmed the trial court's express finding that "Cauthen 'unnecessarily expanded the proceedings by improper conduct.'"  The Court affirmed the trial court's award of attorney's fees and costs against Cauthen.

In Hall v. American Indem. Group, 681 So.2d 220 (Ala.Civ.App.1996), the Alabama Court of Civil Appeals considered an award of attorney's fees for a fraudulent counter-claim filed by a home owner against his insurer.  Hall had filed a claim with American on his home insurance policy, claiming that he had suffered water damage. American denied coverage because it determined that Hall's property had suffered prior water damage, and, therefore, the damage was not covered by the policy.  Id. at 222.  In the course of its investigation into the claim, the home insurer, American, uncovered a lawsuit filed by the home owner, Hall, several years before filing suit against American, against the previous owners of his home regarding water damage and leakage into his basement. At the hearing for attorney's fees and costs pursuant to the ALAA, the trial court determined that:

> [Hall] was trying to withhold information. I really think he was
> intentionally misleading them [American] and the Court in his pleadings
> and he didn't acknowledge it until he got caught when they went out and
> found the prior lawsuit.

Id. at 222.  The trial court applied this finding to the language of the ALAA definition of a filing "without substantial justification" and determined that an award of attorney's fees was proper.  Id. at 223.  The Court of Civil Appeals affirmed the trial court's decision, stating:

> In view of the misrepresentations Hall made to American regarding the
> water damage to his home and his meritless cross-claims alleging bad

faith, fraud, and outrage, we conclude that, pursuant to the ALAA, the trial
court was well within its discretion in awarding attorney fees to American.

<u>Id</u>. Ms. Smith has made identical "misrepresentations" in support of a "meritless" claim
against Ms. Matfield.

**B.    ANALYSIS/APPLICATION OF FACTS AND CASELAW**

The Third Party Complaint filed by Ms. Smith attached the First Contract but

failed to attach the Second. See Exhibit H which had attached as an exhibit Exhibit C of

Ms. Smith's motion for summary judgment.  The requests for admissions served upon

Ms. Smith indicate she knew of the Second Contract, considered it valid and authentic,

and signed said document in her capacity as the owner of Angels Outreach, LLC. Exhibit

F, II-1. The Second Contract requires, by its plain and unambiguous language, that Ms.

Smith, as the "previous owner" accept responsibility for "all liabilities prior to the

signing" of the Second Contract. See Exhibit D, Lines 3 & 4. Yet, Ms. Smith failed to

attach the Second Contract to the Third Party Complaint, an act of improper conduct that

intentionally mislead and withhold information from this Honorable Court. <u>Hall</u>, supra.

Ms. Smith's decision to pursue litigation against Ms. Matfield despite the existence of the

Second Contract (Exhibit D) assigning her responsibility for the Plaintiffs' unpaid wages

is factually identical to the withholding of the paternity test in <u>Cauthen</u>, supra and the

prior lawsuit in <u>Hall</u>, supra. As a result of Ms. Smith's Third Party Complaint, Ms.

Matfield has been damaged, including attorney's fees, costs, and expenses.  See Exhibit

G, ¶ 31.

Ms. Matfield has satisfied her burden of proof on this claim and has shown by

undisputed evidence that Ms. Smith brought against her a "claim […] without substantial

justification."  Wherefore, Ms. Matfield prays this Honorable Court will enter summary

judgment in her favor, reserving the issue of damages, including attorney's fees and

costs, for a later evidentiary hearing before this Honorable Court.

## VI.    MS. MATFIELD IS ENTITLED TO SUMMARY JUDGMENT IN HER FAVOR FOR COUNT I OF HER COUNTERCLAIM AGAINST MS. SMITH-BREACH OF CONTRACT.

### A.    COMMON LAW ELEMENTS OF A BREACH OF CONTRACT CLAIM

"The elements that must be proven in a breach-of-contract action include the

existence of a contract, a material breach of that contract by one party, and damage to the

other party as a result of the breach."  Stockton v. CKPD Development Co., LLC,

936 So.2d 1065, 1078 (Ala.Civ.App.,2005) (quoting Sokol v. Bruno's, Inc., 527 So.2d

1245, 1247-48 (Ala.1988)). "A material breach [of a contract] is one that touches the

fundamental purposes of the contract and defeats the object of the parties in making the

contract." Id. (quoting Sokol, at 1248).

### B.    ANALYSIS/APPLICATION OF FACTS AND CASELAW

Ms. Matfield's breach of contract is very clear and undisputed. The existence of

the Second Contract is undisputed. See Exhibit D and Exhibit F, I-1 and II-1.  The

material breach of that contract is also undisputed, evidenced by the Second Contract's

provision that Ms. Smith retain responsibility for the liabilities of Angels Outreach, LLC

prior to September 5th, 2006 (see Exhibit D, Lines 3 & 4) which she breached by not

paying the Plaintiffs wages in July and August, 2006, evidenced by the Plaintiffs'

timesheets and affidavits in support of there unpaid wages (see Exhibit B collectively).

The resulting damage to Ms. Matfield includes but is not limited to the costs associated

with defending against the Third Party Complaint which is a direct result of Ms. Smith's

failure to pay the Plaintiffs earned wages.  See Exhibit G, ¶ 31.  See generally Chase v.

Holt, 752 So.2d 498 (Ala.Civ.App.1999) (wherein the Court of Civil Appeals affirmed the trial court's award of $9,573.80 as damages representing interest and attorney fees in a breach of contract action).

Ms. Matfield's evidentiary submissions, including affidavits, contracts, and timesheets is undisputed and sufficient to carry her burden of proof; therefore Ms. Matfield is entitled to summary judgment on her breach of contract claim.

Fed.R.Civ.Proc., Rule 56.

## VII.    MS. MATFIELD IS ENTITLED TO SUMMARY JUDGMENT IN HER FAVOR FOR COUNT II OF HER COUNTERCLAIM AGAINST MS. SMITH-FRAUD.

## A.    THE ELEMENTS OF A FRAUD CLAIM.

The elements of fraud are " '(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation.' " Waddell & Reed, Inc. v. United InvestorsLife Ins. Co., 875 So.2d 1143, 1160 (Ala.2003)(quoting Padgett v. Hughes, 535 So.2d 140, 142 (Ala.1988)). "Under Alabama law, a plaintiff can, in some instances, maintain a cause of action for fraud and breach of contract arising from the same general factual circumstances. Deupree v. Butner, 522 So.2d 242 (Ala.1988). A plaintiff can recover on a claim of fraud if there are misrepresentations inducing the plaintiff into entering into the contract. Deupree, 522 So.2d at 245.

## B.    ANALYSIS/APPLICATION OF FACTS AND LAW

During the negotiations between Ms. Smith and Ms. Matfield for the change of ownership of Angels Outreach, LLC, Ms. Smith made a materially false representation to Ms. Matfield.  Ms. Smith misrepresented to Ms. Smith that she was offering ownership of

Angels Outreach, LLC as a fully formed and continuing business entity.  See Exhibit G,

¶'s 7-9.  In fact, Ms Smith had dissolved Angels Outreach, LLC on September 1, 2006

(Exhibit E), prior to offering Ms. Matfield ownership on September 2nd, 2006. (See

Exhibit G, ¶ 4.  Ms. Smith, without the knowledge or consent of Ms. Matfield, dissolved

Angels Outreach, LLC on September 1, 2006 (Exhibit E), four days before the Second

Contract was signed. See Exhibit G, 17 & 18.  Further, Ms. Smith continued to falsely

represent that Angels Outreach, LLC was a continuing business entity, as is supported by

the language of the Second Contract, which designates the contract as a "Change of

Ownership Angels Outreach, LLC" and wherein Ms. Smith represents that she will

"transfer ownership of Angels Outreach, LLC."  Exhibits C & D.  The undisputed fact is

that Ms. Smith did not transfer ownership of Angels Outreach, LLC at all, as there can be

no transfer of ownership of a corporate entity that has been dissolved.

       As a result of Ms. Smith's material misrepresentations, Ms. Matfield took

possession of a dissolved business entity.  See Exhibit E and G, ¶ 17.  The dissolution of

Angels Outreach, LLC is significant in that in order to engage in its stated business,

which was the treatment of persons suffering from addiction to controlled substances, the

business entity had to be licensed by several state agencies. See Exhibit G, ¶ 21.  The

certificates and licenses issued to Angels Outreach, LLC were nullified because Angels

Outreach, LLC had been dissolved.  See Exhibit G, ¶ 22.  Ms. Matfield then had to invest

substantial time and money into reorganizing Angels Outreach, LLC into a recognized

business entity and then reapply to state agencies for the certificates and licenses needed

to operate the business in the same manner as the dissolved Angels Outreach, LLC.  See

Exhibit G, ¶ 23-25.  These are the same damages sought by Ms. Matfield in her Counterclaim against Ms. Smith.

Based on the law and the undisputed factual evidence referenced above, Ms. Matfield has carried her burden of proving her Count II fraud claim against Ms. Smith. Therefore, Ms. Matfield prays this Honorable Court enter summary judgment in her favor on her Count II, Fraud.  Fed.R.Civ.Proc., Rule 56.

## VIII.    CONCLUSION.

Ms. Matfield has submitted to this Honorable Court substantial, undisputed evidence entitling her to a judgment of law on both her defense to Ms. Smith's Third Party Complaint and her Counterclaim against Ms. Smith. Wherefore, premises considered, the movant prays this Honorable Court enter summary judgment in Ms. Matfield's favor on both the claims brought against her and the claims she has brought against Ms. Smith.

Done this the 10th day of September, 2007.

s/ Matthew P. Teague
Matthew P. Teague (TEA010)
Attorney for Debra T. Smith-Matfield

Of Counsel:

Matthew P. Teague, Esq.
138 Adams Avenue, Second Floor, Suite 3
Post Office Box 586
Montgomery, AL 36101
(334) 834-4500 (Telephone)
(334) 834-4500 (Facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10th, 2007, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system , by hand delivery or by placing a

copy of the same in the United States mail properly addressed and postage prepaid.

Tiffany Coleman Smith                  William R. Davis
8901 Glen Rose Way                     8650 Minnie Brown Road, Suite 150
Montgomery, AL 36117                   Montgomery, AL 36117


                                       <u>**/s/ Matthew P. Teague**</u>
                                       Matthew P. Teague, Esq.