IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA NORTHERN DIVISION

SHANNON FOSTER;
CLIFTON LOVEJOY;
TIFFANI SAUNDER;
RONALD SPENCER; and
MELISSA TURNER,
        PLAINTIFFS,

2007 OCT 12 A 10: 11

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.                                                                              CIVIL ACTION NO: 2:06-CV-980

TIFFANY COLEMAN SMITH,

    DEFENDANT/THIRD
    PARTY PLAINTIFF,

v.

DEBRA T. SMITH-MATFIELD,

    THIRD PARTY DEFENDANT/
    COUNTERCLAIM PLAINTIFF.

**BRIEF OF TIFFANY COLEMAN SMITH IN RESPONSE TO DEBRA T. SMITH-MATFIELD'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This is an action involving among others Debra T. Smith-Matfield, the Third Party Defendant/ Counterclaim Plaintiff, (hereafter, Ms. Matfield) who was the bookkeeper for Angels Outreach, LLC, a company owned by Tiffany Coleman Smith, Defendant/Third Party Plaintiff (hereafter, Ms. Smith) . Ms. Smith as will be further discussed below gave the company and all its assets and liabilities to Ms. Matfield. Ms. Matfield who as the bookkeeper for the company set up the payment procedures for the employees of the company did pay the employees after she assumed the company for two months of salary. Those employees have sued Ms. Smith.

1

Ms. Matfield has raised the issue of the dissolution of the company which was doing without the knowledge and authority of Ms. Smith. Ms. Matfield has not shown that the dissolution resulted in the loss or diminution of value of the assets of the company that was transferred to her without cost.

For these reasons and others as set out below the Motion for Summary Judgment should be denied.

## STATEMENT OF FACTS

*Undisputed Fact*

1. Ms. Matfield assumed control of Angels Outreach, LLC from Ms. Smith.

*Facts not admitted by Ms. Matfield. (Ms. Smith's affidavit)*

1. Ms. Matfield did not pay Ms. Smith for assuming ownership and control of Angels Outreach, LLC, and Ms. Smith transferred all of the assets of the company to Ms. Matfield including a list of clients who owed Angels Outreach, $20,330.00 with those proceeds going to Ms. Matfield and the referral list.

2. When Ms. Matfield assumed ownership and control of Angels Outreach, LLC it was producing income.

3. Neither party to the transaction had provided in the contracts for the payment of the liabilities of Angels Outreach, LLC.

4. Ms. Matfield served as bookkeeper for Angels Outreach, LLC, when Ms. Smith owned the company; she established the procedure for paying the employees of the company.

5. Ms. Matfield neither Ms. Smith made any provision in the contract for the certificates that are in dispute.

6. Ms. Matfield prepared or had the contracts prepared regarding the transfer of ownership of the Angels Outreach, LLC.

7. Ms. Matfield did not provide a copy of essential documents relating to taxes to Ms. Smith.

8. Ms. Smith made no representation to Ms. Matfield on whether Angels Outreach, LLC had been dissolved.

9. Ms. Smith did not sign the second contract referred to by Ms. Matfield.

10. Ms. Smith discovered on September 1, that Ronald Spencer who was not authorized to do so filed Article of Dissolution for Angels Outreach, LLC in the Office of the Judge of Probate of Montgomery County, Alabama.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. V. Catrett,* 477 U.S. 317, 323-24, (1986). Once the movant satisfies its initial burden under Rule 56(c), the plaintiff is required to produce some evidence to support his constitutional claims. He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324. A plaintiff's mere

verification of conclusory allegations is not sufficient to oppose a motion for summary judgment *Harris v. Ostrout,* 65 F.3d 912, 916 (11th Cir.1995). Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322. Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. Id.; *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987).

Factual inferences must be viewed in the light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts. *Brown v. Crawford,* 906 F.2d 667, 670 (11th Cir.1990).

## ARGUMENT

## I. THE SECOND CONTRACT DOES NOT GOVERN THE TRANSFER OF OWNERSHIP OF ANGELS OUTREACH, LLC.

Under the general rule of Alabama law, a contract should be construed more strongly against the maker. *Loeb & Co., Inc. v. Martin,* 349 So.2d 11, 12 (Ala. 1977). Ms. Matfield prepared or had prepared the contracts transferred ownership of Angels Outreach. Ms. Matfield prepared or had the contracts prepared regarding the transfer of ownership of the Angels Outreach, LLC. In addition, Ms. Smith did not sign the second contract referred to by Ms. Matfield. (Smith's Affidavit) Therefore, the terms of the contract should under Alabama law should be construed most strongly against Ms. Matfield.

Regarding the integration issue, this Court's attention is directed to the case of *Harbor Village Home Center, Inc. v. Thomas,* .882 So.2d 811, 815, 816 (Ala, 2003) in which three

4

contracts were in dispute and only two contained a merger or integration clause. The Alabama Supreme Court in discussing merger or integration clause noted that"A merger clause, also known as an integration clause, "is a portion of a particular contract that restates the rationale of the parol evidence rule within the terms of the contract." These clauses "are properly used to ensure that preliminary negotiations, whether oral or written [,] are either memorialized in the final contract or are not considered part of it." Moreover, a merger clause "establish[es] that a written agreement is a completely integrated document, into which all prior and contemporaneous negotiations are merged."). "Merger clauses thus create a presumption that the writing represents an integrated, which is, the final and complete, agreement of the parties. Whether a contract is integrated is ordinarily a question of law for the court."

In the case at bar there is no mention or inference of a merger clause in the contract that Ms. Matfield had prepared or caused to be prepared. Because of the lack of a merger clauses there is no presumption that the contracts represents an integrated, that is, the final and complete, agreement of the parties. As noted in Ms. Smith's affidavit, Ms. Matfield served as the bookkeeper for the Angels Outreach before Ms. Matfield purchased the company. Further, it was the practice that each employee would be paid once a month and the July payment would be due and payable in September with the August payment being due in October and because Ms. Matfield set up the payment procedure, she knew when the payment was due. Ms. Matfield thus, because of her role in the company knew of the payment procedure and we submit assumed the responsibility for the July, and August 2006 payment.

## II. MS. MATFIELD IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE REQUEST OF MS. SMITH FOR THE RETURN OF THE CERTIFICATES.

*Return Of The Certificates*

5

In *Prince v. Poole,* 935 So.2d 431, 444 (Ala. 2006) involving among other things a breach-of-contract claim, the Alabama State Supreme Court held that the parol evidence rule did not bar admission of extrinsic evidence to add terms to written contract that did not indicate an intention that the writing express the parties' complete agreement. The Court noted that "In other words, the parol evidence rule does not apply to every contract of which there exists written evidence; it applies, instead, only when the parties to an agreement reduce it to writing, and agree or intend that the writing shall be their complete agreement. The Court further noted that "Normally, the words used by the parties in a written contract determines whether the parties intended the writing to be their complete agreement. The parties can express their intention that a written contract …. "[a] 'merger clause' is 'a clause which states that all oral representations or agreements are merged into and subsumed by the written document of which the clause is a part.'"

In the case at bar there is no language in the contracts allowing Ms. Matfield to retain the certificates. Thus we submit the ownership of the certificates is not included in the four corners of the contracts, therefore, Ms. Matfield's Motion for Summary Judgment on this issue is due to is denied as it is not supported by the law of the State of Alabama.

**Tax Records**

As noted in the standard for summary judgment, a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, (1986).

Ms. Matfield in addressing this issue stated that she provided tax document related to the payment of State and Federal employees taxes to Ms. Smith. Ms. Smith states that no such documents were provided to her. Ms. Matfield has presented no facts to support her assertion that she provided a copy of the documents to Ms. Smith. Ms. Matfield as the movant has not shown to this Court the procedure she used to verify that Ms. Smith was presented the documents. In reading, Ms. Matfield's brief she attempts to minimize her role as a bookkeeper by stating that she only had a "limited role" in the company. This we submit is a material fact, which will affect the outcome this lawsuit on this issue; therefore, summary judgment is not appropriate.

**III. MS. MATFIELD IS NOT ENTITLED TO SUMMARY JUDGMENT IN HER FAVOR UNDER THE ALABAMA LITIGATION ACCOUNTABILITY ACT**

In *Shealy v. Golden*, 959 So.2d 1098, 1105 (Ala. 2006) the Alabama Supreme Court noted in discussing the Alabama Litigation Accountability Act ("ALAA") noted that Section 12-19-270 et seq., Ala.Code 1975, provides:

"Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part....

The ALAA defines the phrase "without substantial justification" to include an "action, claim, defense or appeal (including any motion) [that] is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause

7

unnecessary delay or needless increase in the cost of litigation, as determined by the court." § 12-19-271(1), Ala.Code 1975."

The court further noted that "The appropriate standard of review of a court's determination of what constitutes "without substantial justification," however, "depends upon the basis for the trial court's determination. '[I]f a trial court determines that a party's action, claim, or defense is "without substantial justification," based on the applicability of any one of [the aforementioned terms or phrases in § 12-19-271(1)], that determination will not be disturbed on appeal "unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence." ' ... However, the phrase 'groundless in law' clearly calls for a legal determination. Therefore, if the trial court determines that a party's action, claim, or defense is 'without substantial justification' because it is 'groundless in law,' that determination will not be entitled to a presumption of correctness."

In *Scarborough v. Darling*, 947 So.2d 405, 409 (Ala.Civ.App. 2006), the mother filed a petition to modify child custody and the father filed a motion to dismiss the petition and for attorney fees and costs, the trial court awarded in attorney fees and costs under the Alabama Litigation Accountability Act to the father. The Alabama Court of Civil Appeals held that he was not entitled to an award of attorney fees or costs under the ALAA. In so doing that Court noted that the father was not entitled to an award of attorney fees or costs under the (ALAA), in proceeding to modify child custody; mother's modification petition was not frivolous, groundless in law, groundless in fact, vexatious, or improper, given evidence that paternal great-grandmother's assistance to father in caring for child was a material factor in the initial award of primary custody of child to father, and paternal great-grandmother was diagnosed with acute leukemia and had been hospitalized for lengthy periods.

In this case, as we have earlier argued there was no merger clause in the contracts referenced by Ms. Matfield. Ms. Matfield prepared or had the contracts prepared. Under Alabama law, a contract is construed most strongly against it maker. Additionally, there is no language that could lend a reasonable construction that the contract was the entire agreement of the parties. Therefore, Ms. Smith's Third Party Complaint against Ms. Matfield has substantial justification.

## IV. MS. MATFIELD IS NOT ENTITLED TO SUMMARY JUDGMENT IN HER FAVOR FOR COUNT I OF HER COUNTERCLAIM AGAINST MS. SMITH.

Contrary to Ms. Matfield's argument, there was no breach of contract. Ms. Smith did not sign the second contract there fore she is relying on the terms of the first contract. Ms. Matfield served as bookkeeper for Angels Outreach before Ms. Smith transferred ownership of the company to her. Ms. Smith did not receive any compensation for the transaction. Ms. Matfield as the bookkeeper set up the payment schedule for the employees of Angels Outreach. (Smith's Affidavit, ¶4). She knew that the payment for the work in July and August would be due in September and October. Because there is no merger clause in the first contract nor the second contract which Ms. Smith did not sign, Ms. Matfield's reliance on *Stockton v. CKPD Development Co.,* LLC. 936 So.2d 1065, 1078 (Ala.Civ.App., 2005) (quoting Sokol v. Bruno's, Inc., 527 So.2d 1245, 1247-48 (Ala. 1988)) is misplaced.

Based on the law and the disputed factual evidence referenced above, Ms. Matfield has not carried her burden of proving her breach of contract claim against Ms. Smith. Therefore, Ms. Smith prays this Honorable Court to deny the summary judgment on Ms. Matfield's claim of breach of contract.

9

## VI. MS. MATFIELD IS NOT ENTITLED TO SUMMARY JUDGMENT IN HER FAVOR FOR COUNT II OF HER COUNTERCLAIM AGAINST MS. SMITH.

The critical elements of an action for fraud are: (a) A false representation usually concerning an existing material fact; (b) representation which (1) the defendant knew was false when made, or (2) was made recklessly and without regard to its truth or falsity, or (3) was made by telling plaintiff that defendant had knowledge that the representation was true while not having such knowledge; (c) reliance by the plaintiff on the representation and that he was deceived by it; (d) reliance which was justified under the circumstances; and (e) damage to the plaintiff proximately resulting from his reliance. *Army Aviation Ctr. Fed. Credit Union v. Poston*, 460 So.2d 139 (Ala.1984); *Patel v. Hanna*, 525 So.2d 1359 (Ala.1988).

Fraud, without damage, or damage, without fraud, gives no cause of action; but, where these two do occur, there an action lieth. Deceit and injury must concur. Damage is of the essence of the action of deceit; an essential element to the right of action, and not merely a consequence flowing from it. *Patel v. Hanna*, 525 So.2d 1359 (Ala.1988).

Damage is an essential element of fraud and, in the absence of proof of damage; plaintiff cannot recover even nominal damages. In the absence of a finding of damage in a fraud case the plaintiff fails to prove his case *Monteleone v. Trail Pontiac, Inc.*, 395 So.2d 1003 (Ala.Civ.App.1980), certiorari denied 395 So.2d 1005.

Ms. Matfield apparently is attempting to read into the contract a term that is not there. The terms of the contract is clear in regards to Ms. Smith transferring ownership of the business to Ms. Matfield. In addition, Ms. Matfield omitted the crucial facts that she did make any out of pocket payment to Ms. Smith, and Ms. Smith transferred all the assets of the business to her.

There is no statement that the dissolution of the company resulted in the diminution of

the value of the assets transferred to Ms. Matfield. Additionally, Ms. Matfield did not contact Ms. Smith regarding the dissolution of the company. Finally Ms. Matfield has not presented proof that the Angels Outreach suffered any loss of business. Interesting Ms. Matfield did not mention that Ms. Smith transferred to her a list of clients who owed Angels Outreach, $20,330.00 with those proceeds going to Ms. Matfield and list of the referral agencies who did business with Angels Outreach. (Smith, Affidavit, ¶ 9). Based on the above we submit that Smith acted in good faith in transferring Angels Outreach to Ms. Matfield.

While Ms. Smith is not conceding that the second contract is valid, she will address the issue regarding the dissolution of Angels Outreach. Unbeknown to Ms. Smith, Ronald Spencer who expressed an interest in purchasing Angels Outreach executed a document dissolving Angels on September 1, 2006. (See Exhibit 1). Mr. Spencer was not a member of the company or an agent of Ms. Smith, thus he had no authority to take any action on behalf of the company.

Based on the law and the disputed factual evidence referenced above, Ms. Matfield has not carried her burden of proving her Count II fraud claim against Ms. Smith. Therefore, Ms. Smith prays this Honorable Court to deny the summary judgment in her favor on her claim of fraud.

### VII.  CONCLUSION.

Ms. Matfield has not submitted to this Honorable Court substantial, undisputed evidence entitling her to a judgment of law on both her defense to Ms. Smith's Third Party Complaint and her Counterclaim against Ms. Smith. Wherefore, premises considered, Ms. Smith prays this Honorable Court to deny the summary judgment.

11

Tiffany Coleman Smith
P. O. Box 241751
Montgomery, Al 36024
334-398-0650

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2007, I served a copy of the above motion by placing a copy of the same in the United States mail properly addressed and postage prepaid.

William R. Davis
8650 Minnie Brown Road, Suite 150
Montgomery, AL 36117

Matthew P. Teague, Esq.
Attorney for Debra Matfield
Post Office Box 586
Montgomery, AL 36101

Tiffany Coleman Smith

12

CORP 00266 PAGE 0387

Exhibit 1

## STATE OF ALABAMA
### DOMESTIC LIMITED LIABILITY COMPANY
### ARTICLES OF DISSOLUTION GUIDELINES

INSTRUCTIONS:
STEP 1: FILE ORIGINAL AND TWO COPIES WITH THE JUDGE OF PROBATE IN THE COUNTY WHERE THE ORIGINAL ARTICLES OF ORGANIZATION WERE FILED. ATTACH SECRETARY OF STATE AND JUDGE OF PROBATE FEES. THE SECRETARY OF STATE'S FILING FEE IS $10. PLEASE CONTACT THE JUDGE OF PROBATE OFFICE TO VERIFY THEIR FILING FEES.

PURSUANT TO THE PROVISIONS OF THE ALABAMA LIMITED LIABILITY COMPANY ACT AND SECTION 10-12-37 OF THIS ACT, THE UNDERSIGNED DOMESTIC LIMITED LIABILITY COMPANY SUBMITS THE FOLLOWING ARTICLES OF DISSOLUTION.

Article I    The name of the limited liability company: **Angels Outreach, LLC**

Article II   The date of filing of the articles of organization: **27 Feb. 06**

Article III  The reason for filing the articles of dissolution: **Original owner did not disclose all necessary data (information)**

Article IV   The dissolution was authorized by written consent of all members and effective on **Ronald R. Spencer Sr. 1 Sept 06**

Article V    Attach other information the members or managers filing the articles of dissolution deem appropriate.

Date **1 Sept 06**

**Ronald R. Spencer Sr.**
Type or Print Member's Name and Title

Signature of Authorized Member

STATE OF ALA.
MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT
WAS FILED ON
CORP 00266 PG 0387 2006 Sep 01
10:21:44
REESE MCKINNEY JR.
JUDGE OF PROBATE

| | |
|---|---|
| INDEX | $0.00 |
| REC FEE | $0.00 |
| CERT | $0.00 |
| CHECK TOTAL | $10.00 |
| 30887 | Clerk: SHAUNTE 10:12AM |

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA NORTHERN DIVISION

SHANNON FOSTER;
CLIFTON LOVEJOY;
TIFFANI SAUNDER;
RONALD SPENCER; and
MELISSA TURNER,
       PLAINTIFFS,

RECEIVED
2007 OCT 12  A 10: 11
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.                                                                                    CIVIL ACTION NO: 2:06-CV-980

TIFFANY COLEMAN SMITH,

       DEFENDANT/THIRD
       PARTY PLAINTIFF,

v.

DEBRA T. SMITH-MATFIELD,

       THIRD PARTY DEFENDANT/
       COUNTERCLAIM PLAINTIFF.

**AFFIDAVIT of TIFFANY COLEMAN SMITH**

    The undersigned affiant, **TIFFANY COLEMAN SMITH**, being first duly sworn, hereby deposes and says:

    1. Ms. Matfield assumed control of Angels Outreach, LLC from me and I did not receive any type of compensation from her for transferring the company to her.

    2. When Ms. Matfield assumed ownership and control of Angels Outreach, LLC it was producing income.

    3. Neither party to the transaction had provided in the contracts for the payment of the liabilities of Angels Outreach, LLC.

    4. Ms. Matfield served as the bookkeeper for Angels Outreach, LLC, prior to assuming control of the company, and she knew that the procedure for paying the employees.

    5. Ms. Matfield nor I made any provision in the contract for the certificates that are in dispute.

6. Ms. Matfield prepares or had the contracts prepare regarding the transfer of ownership of the Angels Outreach, LLC.

7. Ms. Matfield did not provide a copy of essential documents relating to taxes to me.

8. I did not deceive Ms. Matfield on whether Angels Outreach, LLC had been dissolved.

9. I did not sign the second contract referred to by Ms. Matfield.

10. When Ms. Matfield assumed control of Angels Outreach, I transferred the following:

a. List of clients with the amount of money owed by them to Angels Outreach:

| Client | Amount |
|---|---|
| Debra Delaney-- | $0 |
| Anthony Freeman | $800.00 |
| Judy Sherrell- | $1350.00 |
| Lauren Faust- | $300.00 |
| Charles Causey- | $600.00 |
| Jared Warren- | $550.00 |
| Lester Keiser- | $600.00 |
| Mark Jones- | $400.00 |
| Candace Owens- | $0 |
| Mark Narmour- | $0 |
| Rita Jones- | $400.00 |
| Robert Sorrell- | $550.00 |
| Homice Thompkins- | $800.00 |
| Lisa Dutton- | $650.00 |
| Tom Heidaman- | $750.00 |
| Jeff Stewart- | $550.00 |
| Thomas Johnson- | $1000.00 |
| George White- | $800.00 |
| Frederick Boone- | $950.00 |
| James Price- | $890.00 |
| Kavous Respous- | $200.00 |
| Robert Lysdale- | $650.00 |
| William Kirkland- | $850.00 |
| Maurice Armstrong- | $1000.00 |
| Robert Riley- | $800.00 |
| Jeannie Turner- | $1000.00 |
| Nelson Tidwell- | $1000.00 |
| Craig McCloud- | $350.00 |
| Linda Wilson- | $1000.00 |
| Elizabeth Montgomery- | $1000.00 |
| **TOTAL** | **$20,330.00** |

b. Referral list

Barbour Co. Court Referral
Montgomery Area Court Referral
Montgomery Community Action
Judge McLemore
Judge Givhan
Judge Bright
East Central Mental Health
State Probation and Parole
State of Alabama Nursing Board
West Alabama Mental Health
Bullock Co. Hospital / New Hopes
A Nu Direction
Atlantic Shores Hospital
The Pavilion
Meadhaven
Jackson Hospital
The Salvation Army
Mizell Memorial Hospital
Bradford Health
Atlanta Medical Center
Doctor's Hospital
Southern Regional Medical Center
Mountainview Hospital

Done this the 12th day of October 2007.

Tiffany Coleman Smith

Sworn and subscribed before me this the 12th day of October, 2007.

Brittany Wells
Notary Public

My Commission expires: **My Commission Expires** 8/31/2011

**My Commission Expires 8/31/2011**

Tiffany Coleman Smith
P. O. Box 241751
Montgomery, Al 36024

Tiffany Coleman Smith
P. O. Box 241751
Montgomery, Al 36024

William R. Davis
8650 Minnie Brown Road, Suite 150
Montgomery, AL 36117

Matthew P. Teague, Esq.
Attorney for Debra Matfield
Post Office Box 586
Montgomery, AL 36101