IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANNON FOSTER;           )<br>CLIFTON LOVEJOY;          )<br>TIFFANI SAUNDER;          )<br>RONALD SPENCER; and       )<br>MELISSA TURNER            )<br>         PLAINTIFFS        )<br>                            )<br>                            )<br>                            )<br>  v.                        )<br>                            )<br>TIFFANY COLEMAN SMITH,     )<br>     DEFENDANT/THIRD       )<br>     PARTY PLAINTIFF       )<br>                            )<br>  v.                        )<br>                            )<br>DEBRA T. SMITH-MATFIELD    )<br>     THIRD PARTY           )<br>     DEFENDANT/            )<br>     COUNTERCLAIM          )<br>     PLAINTIFF             )  | CIVIL ACTION NO:<br>2:06-CV-980 |

**DEBRA T. SMITH-MATFIELD'S REPLY TO MS. SMITH'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Third Party Defendant Debra T. Smith-Matfield (hereinafter "Ms Matfield"), pursuant to Rule 56, Federal Rules of Civil Procedure, and files this Reply Brief to Tiffany Coleman Smith's (hereinafter "Ms. Smith") Response to Ms. Matfield's Motion for Summary Judgment and Brief in support thereof and states the following:

I.   **MS. MATFIELD IS ENTITLED TO SUMMARY JUDMENT ON MS. SMITH'S THIRD PARTY COMPLAINT, COUNTS I & II**

   A.   **A MERGER CLAUSE IS NOT INTERGRAL TO OR REQUIRED IN A CONTRACT**

      1.   INTRODUCTION

Ms. Matfield seeks summary judgment on the grounds that the second contract assigning prior liabilities to Ms. Smith is a subsequent contract regarding the same subject matter and therefore controls the transfer of ownership of Angel's Outreach from Ms. Smith to Ms. Matfield. Cavalier Mfg., Inc. v. Clarke, 862 So.2d 634, 641 (Ala.2003). Although difficult to follow, Ms. Smith's response seems to challenge Ms. Matfield's motion in three ways. First, Ms. Smith claims Ms. Matfield drafted the contract so it should be construed most strongly against Ms. Matfield but she fails to state any ambiguous provision therein. Second, Ms. Smith argues there is an "integration issue" prohibiting an order of summary judgment although she does not specify why the integration issue prohibits summary judgment in favor of Ms. Matfield. Third, Ms. Smith argues she did not sign the second contract. Ms. Matfield will respond to each of these issues as set forth below.

### a. The Contract Should Be Construed Most Strongly Against the Maker.

While it is certainly true that the law in the State of Alabama requires that a contract should be construed more strongly against the maker, Loeb & Co., Inc. v. Martin, 349 So.2d 11 (Ala.1977), it is equally true that unambiguous contracts, or contracts susceptible of only one reasonable meaning, carry a presumption that the parties intended what they stated and the court will enforce the contract as written. Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala.2000). The Second Contract, in plain, unambiguous language, assigns all liabilities prior to the transfer of Angel's Outreach to Ms. Smith. Exhibit[1] D. Ms. Smith did not claim or present any evidence

---

[1] All Exhibits referred to herein are the same exhibits attached to Ms. Matfield's Motion for Summary Judgment.

that the language of the contract was ambiguous. Therefore, Ms. Matfield prays this Honorable Court will enforce the contract as written and grant her motion for summary judgment.

### b.     There is no "integration issue."

Ms. Smith's response states, "regarding the integration issue, this Court's attention is directed to the case of Harbor Village Home Center, Inc. v. Thomas, 882 So.2d 811, 816 (Ala.2003)[.]" Ms. Matfield's motion for summary judgment raises no issues regarding an integration or merger clause. Ms. Smith either misinterpreted the issues raised in Ms. Matfield's motion for summary judgment or is attempting to raise a red herring issue. The Court's decision in Harbor Village, supra, pertains to arbitration clauses and integration clauses involved in a mobile home sale. Harbor Village does not respond to, defeat or even call into question Ms. Matfield's reliance on Cavalier Mfg., Inc. v. Clarke, 862 So.2d 634, 641 (Ala.2003), which held that when two agreements or contracts cover the same subject matter but include inconsistent terms the later agreement supersedes the earlier agreement. Ms. Smith's response to the summary judgment motion fails to present a statute or caselaw refuting this recognized principle of contract law.

To the extent Ms. Smith is arguing the First and Second Contracts are unenforceable because they do not contain a merger clause, Ms. Matfield responds that a merger or integration clause is not a necessary element of a valid and binding contract. The Eleventh Circuit Court of Appeals has previously recognized this fact. In Moore v. Pennsylvania Castle Energy Corp., 89 F.3d 791, 797 FN3 (11th Cir. 1996), the Eleventh Circuit noted the following regarding merger clauses:

> "[T]he absence of a merger clause does not preclude a finding that a written contract constitutes an integration of the parties' entire agreement.

3

> See, e.g., Jake C. Byers, Inc. v. J.B.C. Investments, 834 S.W.2d 806, 813 (Mo.App.1992) ("The existence of a merger clause may be a strong indication the writing is intended to be complete, but its existence is not necessarily determinative. More important, the absence of a merger clause is likewise not determinative; the writing still may be complete on its face.") (citations omitted); Braten v. Bankers Trust Co., 60 N.Y.2d 155, 468 N.Y.S.2d 861, 456 N.E.2d 802 (1983)

Ms. Smith and Ms. Matfield did not include a merger or integration clause in the first contract. Therefore, Ms. Smith and Ms. Matfield were free to amend the First Contract by entering into the Second Contract specifically because there was not a merger clause in the first contract expressing their intention that the transfer of Angel's Outreach was complete.

Ms. Smith's legal analysis is not responsive to or determinative of the issues raised in Ms. Matfield's Motion for Summary Judgment showing she is not liable for the wages earned by Angel's Outreach employees prior to the First and Second Contracts with Ms. Smith. The evidence and law conclusively support Ms. Matfield's Motion for Summary Judgment and she prays this Honorable Court to enter the same in her favor against Ms. Smith's Third Party Complaint, Counts I & II.

### c.   Ms. Smith Admitted Signing The Second Contract.

On June 26th, 2007, Ms. Matfield served Requests for Admissions pursuant to Rule 36, Federal Rules of Civil Procedure, upon Ms. Smith with a copy of the Second Contract attached as an Exhibit. See Exhibit F. The first two requests asked Ms. Smith to admit the Second Contract was genuine and that Ms. Smith "signed the document attached as Exhibit A entitled 'Change of Ownership Angel's Outreach.' " See Exhibit F, Requests I-1 and II-1. Ms. Matfield's Requests for Admissions included accurate and extensive "Instructions" based on the language of Rule 36, F.R.C.P., informing Ms.

4

Smith that "each matter […] is admitted" unless she serve "a written answer or objection" "within 30 days." See Exhibit F, "Instructions." Ms. Matfield's attorney served these admissions upon Ms. Smith at the address provided for in her Third Party Complaint. See Exhibits H. To date, Ms. Smith has failed to respond to these requests for admission and has failed to have them withdrawn pursuant to the Federal Rules of Civil Procedure. Therefore, the matters requested therein are deemed admitted pursuant to Rule 36, F.R.C.P.

Ms. Matfield's Requests for Admission were further attached to her Motion for Summary Judgment, which was served on Ms. Smith both by Ms. Matfield's attorney and this Honorable Court. Despite knowledge of these Requests for Admissions, Ms. Smith has failed to respond. Further, Ms. Smith does not deny receiving the Request for Admissions in her response to Summary Judgment. Further still, Ms. Smith has failed to avail herself of any relief from these admissions.

The purpose of Rule 36, F.R.C.P., is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." Perez v. Miami-Dade County, 297 F.3d 1255, 1265 (11thCir. 2002) (quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed. 1994); Pickens v. Equitable Life Assurance Soc'y, 413 F.2d 1390, 1393 (5th Cir.1969)). Ms. Matfield's intention in serving these requests for admission was clearly to establish that the Second Contract was genuine and signed by Ms. Smith. See Exhibit F, Requests I-1 and II-1. Ms. Matfield relied on Ms. Smith's failure to respond as an admission. For Ms. Smith to now argue the Second Contract is not genuine is of great prejudice to Ms. Matfield and will result in increased expense and time devoted to this matter.

5

This Honorable Court is permitted to enter summary judgment on facts established by a party's failure to respond to Requests for Admission. Ms. Smith's failure to respond to requests for admissions will permit entry of summary judgment if the facts admitted are dispositive of the case. See In re Mack, 330 F.Supp. 737 (S.D.Tex.1970). Ms. Smith has not claimed that she did not receive Ms. Matfield's requests for admissions, but even if she raises that issue in the future is does not prevent an entry of summary judgment on Ms. Matfield's behalf since the record shows that the requests were mailed to Ms. Smith's last known address. Id. For this Honorable Court to rely on Ms. Smith's bare assertion that she did not sign the Second Contract will cause great prejudice to Ms. Matfield and punish her for correctly using the discovery process and the Federal Rules of Civil Procedure to establish her case and minimize the disputed issues before this Honorable Court. Ms. Smith must be held accountable for these admissions which undisputedly support Ms. Matfield's summary judgment on Claims I & II of the Counterclaim.

## II.  MS. MATFIELD IS ENTITLED TO SUMMARY JUDGMENT ON COUNT III OF MS. SMITH'S THIRD PARTY COMPLAINT

### A.  Ms. Matfield Is Under No Duty To Return The Certificates

In response to Ms. Matfield's Motion for Summary Judgment of Count III of the Counter-claim, Ms. Smith again cites the lack of a merger clause as grounds for this Honorable Court to deny Ms. Matfield summary judgment. Ms. Smith states, "there is no language in the contracts allowing Ms. Matfield to retain the certificates" and "the ownership of the certificates is not included in the four corners of the contracts." While there is no specific provision governing the Angel's Outreach certificates, the plain language of the First and Second Contract each state Ms. Smith will "forego all rights

6

associated with Angels Outreach Outpatient." See Exhibits C & D. There is no conceivable interpretation of this agreement that will allow Ms. Smith to demand of Ms. Matfield to return a certificate associated with Angel's Outreach if Ms. Smith, by the plain language of the contract, has given foregone "all rights associated" therewith. See Exhibits C & D.

This Honorable Court should also note that Ms. Smith has not provided any statutory or legal right to retain the certificates belonging to Angel's Outreach. This Honorable Court should also consider that Ms. Smith has not produced any evidence of damages suffered by her, assuming arguendo, she retained any rights to possess the certificates in the first place. Finally, simple common sense dictates that Ms. Smith, as the former owner of Angel's Outreach and the signatory to the contract transferring its ownership, could simply have retained or contracted to retain any necessary documents prior to foregoing her rights to Angel's Outreach. Under the undisputed facts of this case and the unambiguous language of the contract, Ms. Matfield is entitled to summary judgment on Count III (second Count II) of the Third Party Complaint.

    **B.**    **"Tax Records" Issue**

Ms. Matfield replies to Ms. Smith's response on "Tax Records" issue that Ms. Smith has failed to state a claim upon which relief can be granted and has failed to indicate any statutory or common-law theory of recovery upon which this claim can go forward. Ms. Matfield is entitled to summary judgment because Ms. Smith, even assuming arguendo that she did not receive the tax returns, has produced no evidence of damages she suffered by her alleged inability to procure these documents. Ms. Smith is required to prove damages regardless of the nature of her claim, either in tort or in

7

contract. Damages are an essential element of a breach-of-contract claim. <u>Reynolds Metals Co. v. Hill</u>, 825 So.2d 100 (Ala.2002). Damages are also an essential element necessary to prove any kind of tort, including negligence, <u>Ex parte Stonebrook Dev., L.L.C.</u>, 854 So.2d 584, 589 (Ala.2003), fraud actions, <u>Gloor v. BancorpSouth Bank</u>, 925 So.2d 984 (Ala.Civ.App.2005), and tortious interference, <u>Parsons v. Aaron</u>, 849 So.2d 932, 946 (Ala.2002). Therefore, Ms. Matfield is entitled to summary judgment because Ms. Smith has failed to prove any damages as a result of her claim.

**III.    MS. MATFIELD IS ENTITLED TO SUMMARY JUDGMENT ON HER ALABAMA LITIGATION ACCOUNTABILITY ACT ("ALAA") CLAIM.**

Ms. Smith's response to Ms. Matfield's claim for summary judgment on her ALAA claim is deficient in both law and fact. First, the case of <u>Scarborough v. Darling</u>, 947 So.2d 405 (Ala.Civ.App.2006), involves a mother filing a petition to modify a custody/visitation schedule between her and her former husband, after the former husband became ill. The Alabama Court of Civil Appeals correctly determined the mother did not violate the ALAA because she had legitimate grounds for her petition to modify. <u>Scarborough</u>, supra. <u>Scarborough</u> is not analogous to the claim Ms. Smith filed against Ms. Matfield. Ms. Smith withheld the Second Contract from this Honorable Court in an effort to present a substantially unjustified claim against Ms. Matfield. The undisputed facts before this Honorable Court regarding Ms. Smith's transfer of ownership of Angel's Outreach to Ms. Matfield and her subsequent failure to inform this Honorable Court of the Second Contract are virtually identical to the facts set forth in <u>Cauthen v. Yates</u>, 716 So.2d 1256 (Ala.Civ.App.1998) and <u>Hall v. American Indem. Group</u>, 681 So.2d 220 (Ala.Civ.App.1996). <u>Cauthen</u> and <u>Hall</u> each dealt specifically with the withholding of vital evidence by the respective Plaintiffs that proved their case was

8

meritless. Ms. Smith's withholding of the Second Contract constitutes the same type of action and makes her liable to Ms. Matfield pursuant to the ALAA. Ms. Matfield's analysis is set forth fully in her Brief in Support of Summary Judgment and no further explanation is necessary herein. Ms. Matfield is due to have summary judgment granted in her favor on this claim.

### IV.   MS. MATFIELD'S REPLY TO MS. SMITH'S BREACH OF CONTRACT RESPONSE

Ms. Smith's response is again factually and legally inadequate to defeat summary judgment. Legally, Ms. Smith failed to cite to any law, whether by statute or caselaw, in support of her argument.

Factually, Ms. Smith is prohibited from arguing that the Second Contract is invalid. Ms. Smith has already admitted the Second Contract is genuine and signed by her (see Exhibit F, Requests I-1 and II-1) and she has not taken any steps to withdraw her admissions. Ms. Smith further fails to explain why her decision to transfer ownership of Angel's Outreach without compensation is of any legal relevance to this Honorable Court. Assuming this is a true statement by Ms. Smith, it fails to defeat Ms. Matfield's summary judgment because it does not provide a legal or factual reason for Ms. Smith's failure to pay wages to her employees.

Finally, Ms. Smith's assertion that Ms. Matfield knew the "payment schedule" for the Angel's Outreach is of no legal relevance to this issue. First, Ms. Smith has produced no evidence, disputed or undisputed, indicating Ms. Matfield was responsible for paying the Angel's Outreach employees out of her own funds. Ms. Smith has failed to produce any evidence indicating Ms. Matfield retained a duty to make payroll payments for Ms. Smith after the transfer of ownership of Angel's Outreach. Finally, Ms. Smith has

9

produced no evidence Ms. Matfield assumed responsibility for making payments to the employees of Angel's Outreach that existed before the transfer of ownership. Ms. Matfield has produced undisputed evidence in the form of a contractual agreement wherein Ms. Smith agreed to pay all liabilities prior to the transfer of ownership of Angel's Outreach to Ms. Matfield.

This Second Contract is sufficient for this Honorable Court to grant her Motion for Summary Judgment on the breach of contract claim set for in Ms. Matfield's Counter Claim. Ms. Matfield stands on the undisputed evidence in her Motion for Summary Judgment and the Brief in Support thereof and prays this Honorable Court will enter summary judgment in her favor on her counter claim of breach of contract.

## V.   MS. MATFIELD'S REPLY TO MS. SMITH'S RESPONSE TO THE FRAUD CLAIM

Once again, Ms. Smith's response completely ignores the Requests for Admissions that are properly before this Court. Ms. Smith previously admitted that "Angel's Outreach, LLC was dissolved by Tiffany Coleman Smith" on or around "September 1, 2006." See Exhibit F, Request No. 2. Ms. Smith has not moved to withdraw these admissions pursuant to the Federal Rules of Civil Procedure and therefore those admissions are deemed admitted and sufficient to support Ms. Matfield's Motion for Summary Judgment. See In re Mack, 330 F.Supp. 737 (S.D.Tex.1970). Ms. Smith's admissions are properly before this Honorable Court. Further, Ms. Smith's assertion that Ms. Matfield has not introduced evidence of damages in incorrect, as Ms. Matfield set forth her damages in general terms in her affidavit in support of her Motion for Summary Judgment, including inability to operate Angel's Outreach, LLC as a business, costs

associated with reincorporating, and the loss of clients due to the dissolution of Angel's Outreach. See Exhibit G, ¶'s 23-25.

Ms. Matfield's facts are undisputed and she is entitled to judgment as a matter of law. Ms. Matfield prays this Honorable Court to enter summary judgment on her claim for Fraud against Ms. Smith.

## VI.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Ms. Smith's Response failed to introduce any disputed issues of fact or contradictory principles of law in response to Ms. Matfield's Motion for Summary Judgment, Ms. Matfield prays this Honorable Court to enter summary judgment on her behalf on both her defenses to Ms. Smith's Third Party Complaint and her Counterclaim against Ms. Smith.

Done this the 18th day of October, 2007.

                                        **s/ Matthew P. Teague**
                                        Matthew P. Teague (TEA010)
                                        Attorney for Debra T. Smith-Matfield

Of Counsel:

Matthew P. Teague, Esq.
138 Adams Avenue, Second Floor, Suite 3
Post Office Box 586
Montgomery, AL 36101
(334) 834-4500 (Telephone)
(334) 834-4500 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19th, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system , by hand delivery or by placing a copy of the same in the United States mail properly addressed and postage prepaid.

| | |
|---|---|
| Tiffany Coleman Smith | William R. Davis |
| 8901 Glen Rose Way | 8650 Minnie Brown Road, Suite 150 |
| Montgomery, AL 36117 | Montgomery, AL 36117 |

           **/s/ Matthew P. Teague**
           Matthew P. Teague, Esq.