IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHANNON FOSTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06cv980-ID |
| | ) | (WO) |
| | ) | |
| ANGELS OUTREACH, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the court is a motion for summary judgment filed by Plaintiffs Shannon Foster, Cliffton Lovejoy, Tiffani Saunders, Ronald Spencer and Melissa Turner. (Doc. No. 15.) Plaintiffs move for summary judgment on their claims brought against Defendants Angels Outreach, LLC, and Tiffany Coleman Smith ("Smith") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(b). Defendants did not respond to the motion. For the reasons stated herein, the court finds that there are no genuine issues of material fact for trial and that Plaintiffs' motion for summary judgment on the FLSA claims is due to be granted in full as to liability and granted in part as to damages. Because these summary judgment proceedings dispose of the only claims over which the court has original federal subject-matter jurisdiction, the court will exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline to entertain supplemental jurisdiction over

Smith's third-party complaint against Debra T. Smith-Matfield ("Matfield") and Matfield's counterclaims against Smith.

## II.  JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction over Plaintiffs' FLSA claims against Defendants, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and over Smith's third-party state-law claims and Matfield's state-law counterclaims against Smith, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).  Personal jurisdiction and venue are adequately pleaded and not contested.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).  At the summary judgment juncture, the court assumes that the evidence of the non-movant is true and draws all reasonable inferences in the light most favorable to the non-movant.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  If the non-movant does not respond to a properly-supported summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the [non-movant]."  Fed. R.

Civ. P. 56(e); United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida, 363 F.3d 1099 (11th Cir. 2004).

### IV. BACKGROUND

Plaintiffs formerly worked as alcohol and drug addiction counselors for Angels Outreach, an Alabama limited liability corporation, which during the relevant time period was owned by Smith. Plaintiffs assert that they performed compensable work for Defendants in July 2006 and August 2006, but that to date they have not received any payment. In their affidavits, Plaintiffs set forth their hourly rates of pay and the number of hours they worked for Defendants in July 2006 and August 2006 and attest that payment was due at the end of each month's work. (Pls. Affs. (Exs. A-E).) They calculate the wages allegedly owed by multiplying the hours they worked by their hourly rate of pay.[1]

| Plaintiffs | Hours Worked in July & August 2006 | Hourly Pay Rates | Wages Plaintiffs Seek under the FLSA |
|---|---|---|---|
| Shannon Foster | 105.9 | $15.00 | $1588.50 |
| Clifton Lovejoy | 76 | $35.00 | $2660.00 |
| Tiffani Saunders | 54 | $15.00 | $ 810.00 |
| Ronald Spencer | 73 | $30.00 | $2190.00 |
| Melissa Turner | 42 | $25.00 | $1050.00 |

---

[1] This chart corrects counsel for Plaintiffs' arithmetical errors. (See Pls. Mem. of Law at 5.)

As a result of Defendants' failure to pay, Plaintiffs filed the instant action against Defendants to recover unpaid wages allegedly owed to them pursuant to the FLSA, specifically 29 U.S.C. § 206(b), and request the relief provided in 29 U.S.C. § 216(b). Smith filed an answer to the complaint, admitting some but denying other averments. Smith also filed a third-party complaint against Matfield, asserting three state-law claims and arguing that Matfield is liable to her on Plaintiffs' FLSA claims. See Fed. R. Civ. P. 14(a). Matfield, in turn, asserted three counterclaims against Smith.

### V. DISCUSSION

#### A. FLSA Claims

In their motion, Plaintiffs "seek summary judgment as to (1) Defendants' violation of 29 U.S.C. § 206(b); (2) the amount of unpaid wages due; and (3) Plaintiffs' entitlement to liquidated damages pursuant to 29 U.S.C. § 216(b)." (Pls. Mot. Summ. J. at 1-2 (Doc. No. 15).) Defendants failed to respond to the motion, notwithstanding the court's order directing them to do so. (Doc. No. 20.)

*1. Defendants' Violation of 29 U.S.C. § 206(b)*

The FLSA, namely 29 U.S.C. § 206(b), provides:

Every employer shall pay to each of his employees . . . who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this section by the amendments made to this chapter

> by the Fair Labor Standards Amendments of 1966, . . . title IX of the Education Amendments of 1972 [20 U.S.C.A. § 1681 et seq.], or the Fair Labor Standards Amendments of 1974, wages at the following rate: Effective after December 31, 1977, not less than the minimum wage rate in effect under subsection (a)(1) of this section.

29 U.S.C. § 206(b). Section 216(b), in turn, provides in pertinent part that if an employer violates the minimum wage provision of § 206(b), it "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages[.]" 29 U.S.C. § 216(b).

Applying the statutory wording of § 206(b) to the violations and facts alleged in this case, the court finds that there are three essential components of Plaintiffs' FLSA claims which are at issue. Plaintiffs must demonstrate (1) that there existed an employer-employee relationship between Plaintiffs and Defendants during the relevant time period, (2) that either Plaintiffs' work activities or Defendants' business operations were engaged in interstate commerce, and (3) that they worked compensable hours for which they were not paid minimum wages when due.[2]

The court finds that the evidence supports a finding that Plaintiffs are covered employees within the purview of § 206(b)'s protections. First, Plaintiffs submit unrebutted evidence that in July 2006 and August 2006 they were employees of

---

[2] The court notes that Plaintiffs have not alleged any violations of 29 U.S.C. § 207, which addresses maximum work-hour limitations and overtime compensation.

Defendants and worked for Defendants as alcohol and drug counselors.[3]  (See Pls. Affs. (Exs. A-K).)  Second, Smith admits that "Defendants were enterprises engaged in commerce or in the production of goods for commerce."  (See Answer ¶ 3 (Doc. No. 4).)  Third, by affidavits, Plaintiffs attest that Defendants have not paid them *any* wages for the hours they worked in July 2006 and August 2006 and that those wages are past due; hence, Plaintiffs have demonstrated that Defendants failed to pay the minimum wage rate required by § 206(b).

Accordingly, the court finds that Plaintiffs have established Defendants' liability under § 206(b).  Having found liability, the court turns to Plaintiffs' remedies.

### 2. *The Amount of Unpaid Wages Due*

Plaintiffs seek wage payments under the FLSA based upon their contractual hourly rates which ranged from $15.00 to $35.00.  For the reasons to follow, the court finds that the FLSA does not authorize the recovery of the full amount of unpaid wages which Plaintiffs claim.

"It is an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, 'courts must be especially reluctant to provide additional remedies.'"

---

[3] The court forewarned Defendants that a failure to respond to Plaintiffs' summary judgment motion may result in judgment being entered against Defendants "without further notice or trial" and that the court may accept as true evidence that is not contradicted.  (Doc. No. 20.)

Grochowski v. Phoenix Const., 318 F.3d 80, 87 (2nd Cir. 2003) (analyzing an FLSA denial-of-overtime claim) (quoting Karahalios v. Nat'l Fed'n of Employees, Local 1263, 489 U.S. 527, 533 (1989)).  The relief available to an employee who alleges a violation of 29 U.S.C. § 206(b) is set forth in 29 U.S.C. § 216(b).  The relevant remedial language in § 216(b) is clear and unambiguous:  an employer is liable to an employee for "unpaid minimum wages."  29 U.S.C. § 216(b); cf. De Leon-Granados v. Eller and Sons Trees, Inc., 497 F.3d 1214, 1217 & 1219 (11th Cir. 2007) (observing in the context of reviewing a class action certification order that workers, who on average earned $3.00 more than the applicable minimum wage, were "entitled to recover . . . only the minimum wage rate under [29 U.S.C. § 216(b)]"); Reeves v. Howard County Ref. Co., 33 F. Supp. 90, 91 (N.D. Texas 1940) ("The Court understands the law to be that this Act (29 U.S.C.A. § 201 et seq.) is what the name implies, a minimum wage and hour Act[.]").  Section 216(b) contains no provision for the recovery of unpaid wages which exceed the minimum wage, and Plaintiffs have not cited any authority which would allow for such recovery.

Although the court finds that the FLSA's remedial language is clear, opinions from courts in other jurisdictions discussing the FLSA, *albeit* in different contexts, also support a finding that under the facts of this case, § 206(b) does not provide a remedy to Plaintiffs for their unpaid contractual wages which exceed the statutory mandated minimum wage. Cf. Monahan v. County of Chesterfield, 95 F.3d 1263, 1280-84 (4th Cir. 1996) (explaining that "pure gap-time, straight time" claims are not "cognizable under the FLSA

when the employer has not violated the FLSA's minimum wage/maximum hour provisions"); Bolick v. Brevard County Sheriff's Dept., 937 F. Supp. 1560, 1568 (M.D. Fla. 1996) ("As a general rule, an employee cannot succeed on a claim under the FLSA if his average wage for a period in which he works no overtime exceeds minimum wage.") (collecting cases); Reeves, 33 F. Supp. at 91 (finding that employee whose monthly flat salary complied with the FLSA's minimum wage and overtime requirements was not entitled to maintain an action under the FLSA to recover "anything from [employer]").

For the year 2006, the prescribed minimum wage was $5.15 per hour. See 29 U.S.C. § 206(a)(1) (2006). Plaintiffs, however, seek the recovery of hourly wages between $15.00 and $35.00, amounts which substantially exceed the applicable minimum wage. Based on the foregoing authority, the court finds that Plaintiffs' request to recover unpaid wages above the statutorily-prescribed minimum wage is not authorized and exceeds the scope of 29 U.S.C. §§ 206(b) and 216(b).

At the same time, the court finds that the fact that Plaintiffs ask for more than they are entitled under 29 U.S.C. § 216(b) does not deprive them of the right to recover the unpaid minimum wages they are owed. In other words, to the extent that Defendants violated the minimum wage provision in § 206(b), they are liable to Plaintiffs for those unpaid minimum wages under § 216(b). The court finds that the minimum wages which were unpaid in July 2006 and August 2006 and for which the FLSA requires payment are as follows:

| Plaintiffs | Hours Worked in July & August 2006 | 2006 Minimum Wage | Minimum Wage Due |
|---|---|---|---|
| Shannon Foster | 105.9 | $5.15 | $545.39 |
| Clifton Lovejoy | 76 | $5.15 | $391.40 |
| Tiffani Saunders | 54 | $5.15 | $278.10 |
| Ronald Spencer | 73 | $5.15 | $375.95 |
| Melissa Turner | 42 | $5.15 | $216.30 |

### 3. *Liquidated Damages*

In addition to payment for "unpaid minimum wages," Plaintiffs are entitled to "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Functionally, the liquidated damages provision doubles the actual damages to compensate the employee "'for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages.'" Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000) (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

Accordingly, multiplying by two the minimum wage due, the court finds that summary judgment is due to be entered in favor of each Plaintiff on his or her FLSA claim, in the form of unpaid minimum wages and liquidated damages, in the following amounts: (1) Foster, $1090.78; (2) Lovejoy, $782.80; (3) Saunders, $556.20; (4) Spencer, $556.20; and (5) Turner, $432.60.

B.  Supplemental State-Law Claims

Because summary judgment in favor of each Plaintiff is appropriate on all of the federal claims, and diversity of citizenship does not exist in this case (see, e.g., Doc. Nos. 1 (¶ 6), 4 (¶ 1), 21-3 (¶ 2) 11 (at 6)), original jurisdiction no longer exists over this action. In its discretion, the court declines supplemental jurisdiction over Smith's third-party state-law claims against Matfield and Matfield's state-law counterclaims against Smith, pursuant to 28 U.S.C. § 1367(c)(3).  As provided in 28 U.S.C. § 1367, Smith may re-file her state-law claims in state court within thirty days of this memorandum opinion and order or within the remaining period of the appropriate state statute of limitations, whichever is longer.  See U.S. Anchor Mfg., Inc. v. Rule Industries, Inc., 7 F.3d 986, 1005 (11th Cir. 1993); 28 U.S.C. § 1367(d).

VI.  ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiffs' motion for summary judgment be and the same is hereby GRANTED in full as to liability and GRANTED in part as to damages.

It is further CONSIDERED and ORDERED that Smith's third-party state-law claims against Matfield and Matfield's state-law counterclaims against Smith be and the same are hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  A final judgment shall be entered by separate order.

DONE this 17th day of December, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE