IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANNON FOSTER, et al.,     ) | |
|     ) | |
|     Plaintiffs,     ) | |
|     ) | |
| v.     ) | Civil Action No. 2:06cv980-ID |
|     ) | |
|     ) | |
| ANGELS OUTREACH, LLC, et al.,     ) | |
|     ) | |
|     Defendants.     ) | |

**ORDER**

Before the court is Plaintiffs' motion to reconsider, filed January 10, 2008. (Doc. No. 41.) Plaintiffs ask the court to reconsider the "amount of damages awarded" pursuant to its memorandum opinion and order, entered on December 17, 2007. (Doc. No. 39.) For the reasons to follow, the court finds that the motion is due to be denied.

In its December 17 memorandum opinion and order, the court granted Plaintiffs' motion for summary judgment on the complaint's claims which sought relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(b). The court found that Defendants violated the minimum wage provision of § 206(b) and were liable for the "amount of [Plaintiffs'] unpaid minimum wages[,]" as well as liquidated damages, as provided in § 216(b). The court, however, denied Plaintiffs' request to recover unpaid wages above the statutorily-prescribed minimum wage, finding that Plaintiffs' request

exceeded the scope of 29 U.S.C. §§ 206(b) and 216(b). Having resolved all claims, the court also entered final judgment in favor of Plaintiffs. (Doc. No. 40.)

Seeking to recover their full hourly rates of pay which exceed the minimum wage, Plaintiffs contend that they "can recover the difference between minimum wage and their contracted hourly rate under [state-law theories] of breach of contract and/or unjust enrichment"; therefore, they ask reconsideration of the court's damages awards. (Pls. Mot. at 2.) Plaintiffs assert for the first time that these state-law claims are properly pleaded in the complaint, but this is where Plaintiffs' argument fails.

Rule 8(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that to state a claim for relief, a pleading must embody "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," and "(3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Plaintiffs' complaint is deficient under all three subsections of Rule 8(a).

First, describing the court's jurisdiction, Plaintiffs aver that "[t]his Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b)." (Compl. ¶ 7.) Plaintiffs do not invoke the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Second, while Plaintiffs point to a single sentence in the complaint which alleges that "Defendants' actions amount to a breach of contract and/or unjust enrichment," (Compl. ¶ 24), another judge of this court found that these identical allegations, similarly

2

inserted among alleged FLSA violations, were too "vague" to comply with Rule 8(a). See Morrow v. Green Tree Servicing, L.L.C., 360 F. Supp.2d 1246, 1251-52 (M.D. Ala. 2005) (Thompson, J.). The court finds Morrow's reasoning persuasive. Moreover, a recent Supreme Court opinion confirms that because Plaintiffs' allegations in paragraph 24 do not go beyond "labels and conclusions," they do not surpass the liberal bar set by Rule 8(a)(2). Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1964-65 (2007). Third, in their demand for relief, Plaintiffs seek damages solely under 29 U.S.C. § 216(b), not under state law. In sum, the court finds that Plaintiffs' complaint does not comply with any of the requirements of Rule 8(a) so as to state a claim for relief under state law.

Plaintiff's compliance with the instructions of Rule 10(b) of the Federal Rules of Civil Procedure also is highly questionable. Plaintiffs do not delineate state-law claims in separate counts. In fact, the complaint contains no counts. Rather, the introductory paragraph of the complaint states that Plaintiffs "file[] the instant action against Defendants . . . pursuant to § 216(b) of the [FLSA]," (Compl. at 1), and numbered paragraphs discussing alleged FLSA violations follow. Enumerating separate counts for alleged state-law violations would have been a step in the right direction for "promot[ing] clarity" as to Plaintiffs' intent to rely on state law. Fed. R. Civ. P. 10(b); see Pelletier v. Zweifel, 921 F.2d 1465, 1479 n.29 (11th Cir. 1991) (noting that "[h]ad Schlanger intended to bring additional claims under state law, we assume that he would have brought them in separate counts, as required by Fed. R. Civ. P. 10(b)").

Not only are the complaint's allegations deficient under the liberal pleading rules, but also it is noteworthy that at no time prior to now have Plaintiffs provided any hint in any other pleading that they were seeking relief under state law. Plaintiffs did not mention any proposed state-law claims in their motion for summary judgment, focusing only on alleged FLSA violations, and, although a minor point, the court notes that Plaintiffs filed a "motion for summary judgment," not a "motion for partial summary judgment." (Doc. No. 15.)

The remedy, which is to seek leave to amend the complaint to cure the pleading defects, has never been requested by Plaintiffs. In any event, any request to remedy the pleading deficiencies would be untimely at this late date. Cf. Morrow, 360 F. Supp.2d at 1252 (denying motion to dismiss at initial stages of litigation and granting plaintiff leave to amend her complaint in order to "properly" plead her state-law breach of contract and unjust enrichment claims). Because the state-law claims are not properly before the court, Plaintiffs are not entitled to reconsideration of the damages award.

Accordingly, it is CONSIDERED and ORDERED that Plaintiffs' motion to reconsider, filed January 10, 2008 (Doc. No. 41), be and the same is hereby DENIED.

Done this 31st day of January, 2008.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE